REBECCA EISEN, State Bar No. 096129
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215459
STEVEN GARRETT, State Bar No. 220021
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com
steven.garrett@morganlewis.com

Attorneys for Defendant
COLDWATER CREEK, INC.

SCOTT B. COOPER, State Bar No. 174520
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, California 92614
Telephone: (949) 724-9200
Facsimile: (949) 724-9255
scott@cooper-firm.com

Attorneys for Plaintiff
Brittany Keene

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLDWATER CREEK, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:07-cv-05324<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: January 24, 2008<br>Time: 11:00 a.m.<br>Hon. William H. Alsup<br>Dept: 9 |

Plaintiff Brittany Keene ("Plaintiff" or "Keene") and Defendant Coldwater Creek, Inc. ("Defendant" or "Coldwater Creek") (together hereinafter as the "Parties") timely submit this

Joint Case Management Conference Statement in connection with the Initial Case Management Conference scheduled for January 24, 2008 at 11 a.m. in Department 9 of this Court.

## I. JURISDICTION & SERVICE

Defendant contends the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) & (d) pertaining to diversity of citizenship and 28 U.S.C. § 1453 and the Class Action Fairness Act ("CAFA"). Plaintiff intends to conduct discovery to determine whether this case meets the five million dollar ($5,000,000) amount in controversy requirement of CAFA.

No parties remained to be served.

## II. FACTS

Plaintiff Brittany Keene was employed by Defendant Coldwater Creek for approximately 1.75 years, from September 2003 through May 2005. Plaintiff worked in the Mission Viejo, California store. Plaintiff was a non-exempt, hourly employee. At the time she began her employment, her pay rate was $8.75/hour. At the end of her employment, her pay rate was $8.90/hour.

Plaintiff filed her lawsuit in Alameda County Superior Court on September 6, 2007. Defendant removed the action to this Court on October 23, 2007 based upon diversity of citizenship.

The principal factual issues in dispute are as follows:
- Whether Defendant failed to provide Plaintiff with meal periods;
- Whether Defendant failed to authorize and permit Plaintiff to take rest breaks;
- Whether Plaintiff waived her meal periods and/or rest breaks;
- Whether Defendant failed to pay Plaintiff all wages due for hours worked;
- Whether Defendant failed to keep accurate records and provide accurate itemized statements of the Plaintiff's wages and work periods in violation of California Labor Code and California Wage Order 7;
- Whether Defendant willfully failed to pay timely all wages due to Plaintiff upon

her termination of employment as required by the California Labor Code;

- Whether common legal and factual issues exist and, if so, whether such issues predominate over individualized issues;
- Whether Plaintiff's claims and Defendant's defenses thereto are typical with respect to claims of the putative class and Defendant's defenses thereto;
- Whether Plaintiff is an adequate representative of the putative class members.

Other factual issues may emerge during the discovery process.

### III. LEGAL ISSUES

Among the key legal issues in the case are the following:

- Whether the language of California Labor Code section 226.7 and 512 requiring that an employer "provide" a meal period means that an employer must ensure an employee takes a meal period or means that an employer only must offer the employee an opportunity to take a meal period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007); Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 962-63 (2005); Perez v. Safety-Kleen Systems, Inc., 2007 WL 1848037 (N.D. Cal., Jun. 27, 2007);
- Whether the language of California Labor Code section 226.7 and the Industrial Welfare Commission Wage Orders requiring that an employer "authorize and permit" an employee to take a rest period means that an employer must ensure an employee takes a rest period or means that an employer only must offer the employee an opportunity to take a rest period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007);
- Whether, and under what circumstances, an employee can waive meal periods and/or rest breaks;
- Whether class certification is warranted under Rule 23 and, if so, the scope/definition of the class(es);
- Whether Plaintiff is entitled to "waiting time" penalties pursuant to California Labor Code section 203;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I-SF/7655504.1

3

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

- Whether any of the purported wage/hour violations alleged by Plaintiff in her Complaint constitute "unlawful," "unfair," or "fraudulent" business practices under Section 17200 of the California Business and Professions Code;
- Whether Plaintiff can maintain a claim under Section 17200 of the California Business and Professions Code to the extent the underlying alleged violations would result in Plaintiff being awarded either statutory or civil penalties.

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

## IV. MOTIONS

There are no prior or pending motions.

Plaintiff anticipates filing a Motion for Class Certification.

Defendant anticipates filing a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, depending upon the facts adduced in written discovery and Plaintiff's deposition.

## V. AMENDMENT OF PLEADINGS

The Parties do not currently anticipate any amendment of the pleadings.

## VI. EVIDENCE PRESERVATION

Defendants have taken appropriate steps to preserve evidence relevant to the issues reasonably evident in this action, including appropriate interdictions of automatic document-destruction programs and pertinent electronically-recorded material.

## VII. INITIAL DISCLOSURES

The Parties have timely met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure. Consistent with the Court's initial case management scheduling order and pursuant to the Parties' agreement, the Parties will be making their respective initial disclosures pursuant to Rule 26 on or before January 22, 2008. Because such disclosures have not occurred as of the filing of this Joint Statement, the Parties have not included a description of such disclosures herein.

## VIII. DISCOVERY

Neither party has served any discovery to date. The parties agree to the following

discovery plan:

**Initial Discovery:** Initial discovery shall relate to class certification issues (including class certification issues which overlap with merits issues) and issues relating to the amount in controversy requirement under CAFA. With respect to the class certification issues, the parties may obtain discovery regarding any non-privileged matter relevant to the question of whether Plaintiff's claims may be maintained as a class action.

Both Parties intend to propound requests for production of documents and interrogatories prior to the Case Management Conference on January 24, 2008. Defendant intends to take the deposition of the Plaintiff at a mutually agreeable date after receiving and analyzing Plaintiff's responses to the written discovery (most likely mid- to late-March 2008). Following Defendant's responses to written discovery, Plaintiff intends to take deposition(s) of Defendant's corporate representative(s) on relevant issues pursuant to Fed. R. Civ. P. 30(b)(6).

**Proposed Modifications to Federal Rules of Civil Procedure:** Pursuant to Rule 30(d)(1), the Defendant requests that it shall have a maximum of fourteen (14) hours to depose the named plaintiff (and any other person who may subsequently be added as a named plaintiff to this action). Plaintiff objects and requests that the deposition be limited to the seven (7) hours provided for in the Rule.

The Parties also propose that, in the event either party files declarations of more than 10 putative class members in support of or in opposition to Plaintiff's Motion for Class Certification, then the opposing party will have the right to depose those declarants, even if the total number of depositions taken by that party exceeds 10 depositions and, in this respect, the limit on the number of depositions set forth in Rule 30(a)(2)(A) shall not apply. The Parties also agree to meet and confer in good faith to the extent that either party expresses a need for any further expansion of deposition discovery.

IX.  **CLASS ACTIONS**

Plaintiff intends to file a Motion for Class Certification. Plaintiff requests that the Court set January 23, 2009 as the deadline for filing her Motion for Class Certification. Defendant objects to Plaintiff's proposed deadline and requests that the Court set July 11, 2008 as the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

5

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

deadline for Plaintiff to file her Motion for Class Certification.

## X. RELATED CASES

The parties are currently unaware of any related cases.

## XI. RELIEF SOUGHT

Plaintiff seeks: (1) statutory compensation for missed meal periods, (2) statutory compensation for missed rest breaks, (3) wages for off-the-clock work, (4) statutory compensation and penalties for failure to provide accurate itemized wage statements, (5) statutory compensation and penalties for failure to pay wages timely upon termination of employment, and (6) restitution, restoration of wages, and injunctive relief under Cal. Bus. & Prof. Code § 17200 *et seq*. Without the benefit of data from the Defendant, Plaintiff cannot estimate the class-wide damages at this time.

## XII. SETTLEMENT AND ADR

This case is assigned to the Court's ADR Multi-Option Program. In connection with that assignment, the Parties filed their Joint Certification with Stipulation to participate in mediation through the Court's program. To date the Parties have not been contacted by the ADR office nor has a panelist mediator been assigned.

Defendant needs to obtain documents from Plaintiff and take Plaintiff's deposition before it can meaningfully participate in ADR negotiations. Plaintiff will likewise need to obtain documents and data from Defendant prior to any ADR proceeding.

## XIII. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At present, the Parties do not have any proposal for narrowing of issues in this case.

## XVI. EXPEDITED SCHEDULE

This case is not appropriate for an expedited schedule.

## XVII. SCHEDULING

Plaintiff's Proposed Schedule:

| | |
|---|---|
| Initial Discovery Cut-Off (Class Certification Issues) | November 7, 2008 |
| Deadline for Filing Motion for Class Certification | January 23, 2009 |
| Deadline for Filing Motion for Summary Judgment | April 3, 2009 |
| Non-Expert Discovery Cut-Off | April 17, 2009 |
| Initial Designation of Experts | April 24, 2009 |
| Expert Discovery Cut-Off | May 29, 2009 |
| Pretrial Conference | June 19, 2009 |
| Trial Date | July 27, 2009 |

Defendant's Proposed Schedule:

| | |
|---|---|
| Deadline for Filing Motion for Class Certification | July 11, 2008 |
| Deadline for Filing of Motion for Summary Judgment | September 5, 2008 |
| Non-Expert Discovery Cut-Off | October 10, 2008 |
| Initial Designation of Experts | October 17, 2008 |

| Expert Discovery Cut-Off | November 21, 2008 |
| --- | --- |
| Pretrial Conference | December 12, 2008 |
| Trial Date | January 26, 2009 |

## XVIII. TRIAL ESTIMATE

Although it is difficult at this stage of the litigation to estimate the time required for trial, particularly when the outcome of Plaintiff's motion for class certification and/or Defendant's motion for summary judgment may significantly alter the playing field.

Given the size of this purported class action, if the case is certified to be tried as a class action, Defendant believes that the time required will exceed six months to one year. Plaintiff believes that a trial of class-wide claims will require three to four weeks. If the case is not certified as a class action, Defendant believes that the time required for trial will be approximately four (4) days.

## XIV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant filed its Certification of Interested Entities or Parties on October 18, 2007. Other than the named parties, Defendant has no such interests to report.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

8

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

Dated: January 17, 2008

THE COOPER LAW FIRM, P.C.

BY _____/S/_____
SCOTT B. COOPER
Attorneys For Plaintiff
BRITTANY KEENE

Dated: January 17, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____/S/_____
Eric Meckley
Attorneys for Defendant
COLDWATER CREEK, INC.