Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
www.morganlewis.com



**Eric Meckley**
Of Counsel
415.442.1013
emeckley@morganlewis.com

February 22, 2008

**VIA ELECTRONIC FILING**

The Honorable William Alsup
United States District Court, Northern District
San Francisco Division
450 Golden Gate Avenue
San Francisco, California 94102

Re:   <u>Keene v. Coldwater Creek, Inc., Case No. 3:07-cv-05324 – Motion for Protective Order</u>

Dear Judge Alsup:

Plaintiff Brittany Keene ("Keene") served Defendant Coldwater Creek, Inc. ("CWC") with Interrogatories and Requests for Production which seek irrelevant, private information of every "non-exempt employee" of CWC. The information requested includes putative class members' names and addresses, pay and salary information, time card information and e-mail correspondence. CWC met and conferred with Keene's counsel on February 21, 2008 and he refused to withdraw the discovery requests, in part, because he thought it was premature to meet and confer regarding these discovery issues because he had not yet received CWC's discovery responses. CWC served its responses to the discovery requests on February 22, 2008. CWC requests the Court enter a protective order prohibiting Keene from obtaining such information. If necessary, CWC requests the opportunity to fully brief this issue for the Court through a formal, noticed motion, and requests a hearing. CWC has complied with ¶ 26 of the Court's Supplemental Order filed October 25, 2007 by promptly seeking a protective order via this letter.

**Background**- Keene alleges that CWC failed to provide her with meal and rest periods and required her to work "off the clock." Complaint ¶¶ 11-16. Almost all allegations in her Complaint are "on information and belief." Keene alleges few specific facts regarding her own employment and none relating to other CWC employees. In an attempt to locate the facts noticeably absent from her Complaint, Keene propounded Requests for Production which seek: the identity of all putative class members (RFP No. 36); the payroll records and pay information for all current and former non-exempt CWC employees (RFP Nos. 14-17, 34, 45); agreements those employees may have entered into with CWC (RFP Nos. 18, 20, 21); all communications to or from these employees which happen to mention wages or overtime (RFP No. 25, 40); all documents relating to prior employees' legal claims (RFP 29, 30); all documents reflecting

Hon. William Alsup
February 22, 2008
Page 2



instances that rest and meal periods were combined (RFP No. 23); all documents showing the number of employees that have worked in California (RFP 37); and surveys of all work conducted by non-exempt employees during the past ten years (RFP 42).[1]  The Special Interrogatories also seek the identity of all putative class members (SI 1).  Finally the RFPs seek irrelevant and incredibly burdensome information regarding CWC's business practices including the weekly budget for all CWC California stores during the entire four-year class period.  (RFP No. 27).  Keene is not entitled to this information.

**The Information Keene Seeks is Beyond the Scope of Discovery-**  Keene must make an affirmative showing that there is a class before she can engage in a fishing expedition into CWC's employee records.  *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) ("[W]here the plaintiffs fail to make even a prima facie showing of [class action prerequisites], as we find here, the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations.")  Similarly, the Court in *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985) noted that "the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."  The *Mantolete* court held "[a]bsent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion."  *Id*.; *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304-305 (D. Col. 1998) (Court in a wage and hour case approving *Mantolete* required plaintiffs to show a "reasonable likelihood" that the employer had a national policy or practice to deny overtime before discovery would be extended nationwide).

Here, Keene barely alleges enough facts to support her own claim, let alone facts which suggest that other CWC employees might have a claim as well.  Her recitation of the legal requirements for a class action is not enough.  She cannot file a class complaint and then conduct discovery in the hope that somehow she will find evidence to support her claim.  Otherwise the Court and the parties may go through months needless litigation only to conclude Keene's claims are meritless.

**CWC's Employees' Information is Protected by the Right to Privacy-**  CWC's current and former employees have a legitimate privacy interest in their employment records and financial information, including information relating to their pay.  "Private financial information is worthy of protection in discovery.  *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 656-657 (1975).  "When seeking to discover such material, the proponent must make a higher showing of relevance and materiality than would be necessary for less sensitive material." *Hinshaw et al., v. Superior Court,* 51 Cal.App.4th 233, 237 (1996).

Keene has not shown such direct relevance.  She fails to allege a putative class or show on the face of her Complaint that any other employee was denied meal or rest periods or forced to work

---

[1] In compliance with ¶ 26 of the Court's Supplemental Order, only relevant pages from Plaintiff Brittany Keene's First Set of Requests for Production of Documents and Interrogatories are attached to this letter as Exhibits 1 and 2.

Hon. William Alsup
February 22, 2008
Page 3



"off-the-clock."  In absence of such a showing, the privacy interests of CWC's employees clearly outweigh Keene's alleged need for such information.

Keene will undoubtedly argue that under *Pioneer Electronics v. Superior Court*, 40 Cal.4th 360, 373 (2007) she is entitled to class members' information.  *Pioneer* however, was limited to class members' names and contact information and involved a consumer complaint that was properly alleged as a class action.  The *Pioneer* Court reasoned:  "[s]uch disclosure involves no revelation of personal or business secrets, intimate activities or similar private information and threatens no undue intrusion into one's personal life…."  The information Keene seeks <u>is</u> such a personal intrusion seeking private salary and financial information of thousands of current and former CWC employees.  She has not made a minimum showing of relevance, let alone the *direct relevance* that is necessary for the discovery of such private information.

**Keene's 30(b)(6) Deposition Should Also Be Delayed**-  In direct violation of ¶ 24(a) of the Court's Supplemental Order, Keene served a 30(b)(6) deposition notice that includes *sixteen* (instead of ten) broad subject categories including subjects that could more easily be addressed through other discovery methods (i.e. Categories 15-16, the identities of Coldwater Creek managers).  The proposed deposition categories also delve into areas relating to Keene's class allegations, including the practices and policies of individual Coldwater Creek stores.  Until such time as Keene can show or allege an appropriate class, she should not be allowed to take depositions on these topics.  Although Plaintiff intends to withdraw the pending notice, the same issues remain for the second notice relating to subject categories covering Keene's class allegations.  In light of the outstanding document requests noted above and the scope of the current subject categories, CWC raises these issues pursuant to the Court's Order as an appropriate method to resolve the dispute through a motion for protective order.

**Requested Relief-**  CWC respectfully requests that the Court enter a protective order prohibiting Keene from obtaining sensitive private information of other current and former CWC employees until either after a class has been certified or until CWC has had an opportunity to depose Keene about her knowledge of other employees and determine if she possesses enough information to actually allege class claims.  CWC also requests that the Court order Keene to issue a new, compliant 30(b)(6) deposition notice pursuant to ¶ 24(a) of the Court's Supplemental Order and that such deposition be stayed as to any subjects related to Coldwater Creek employees *other than* Plaintiff until such time a class may be certified.  If necessary, CWC requests an opportunity to fully brief this issue in a formal, noticed motion, and requests a hearing.

Respectfully submitted,

/s/

Eric Meckley
Counsel for Coldwater Creek, Inc.

c: Scott Cooper

1-SF/7666489.1

# EXHIBIT 1

1  Jose Garay (State Bar No. 200494)
   **JOSE GARAY, *APLC***
2  2030 Main Street, Suite 1300
   Irvine, California 92614
3  Telephone: (949) 260-9193
4  Facsimile: (949) 260-9194

5  Roger Carter (State Bar No. 140196)
   **THE CARTER LAW FIRM**
6  2030 Main Street, Suite 1300
7  Irvine, California 92614
   Telephone: (949) 260-4737
8  Facsimile: (949) 260-4754

9  Scott B. Cooper (State Bar No. 174520)
   **THE COOPER LAW FIRM, P.C.**
10 2030 Main Street, Suite 1300
11 Irvine, California 92614
   Telephone: (949) 724-9200
12 Facsimile: (949) 724-9255

13 Attorneys for Plaintiff

14                UNITED STATES DISTRICT COURT
15                NORTHERN DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| 17 BRITTANY KEENE, individually and on behalf of all others similarly situated, | Case No. C07-5324 WHA |
| 18 | |
| 19 | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COLDWATER CREEK, INC.** |
| Plaintiff, | |
| 20 v. | |
| 21 COLDWATER CREEK, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | |
| 22 | |
| 23 | |
| Defendants. | |
| 24 | |

25
26 ///
27
28

10. Each and every employee warning directed to Plaintiff herein by **YOU** at any time.

11. Each and every response by Plaintiff to each and every employee warning directed to Plaintiff by **YOU**.

12. Any and all **DOCUMENTS** which constitute, refer or relate to the duties and responsibilities of Plaintiff in the above-captioned matter while employed with **DEFENDANT**.

13. Any and all **DOCUMENTS** which constitute, refer or relate to personnel guides, employee handbooks, supervisory manuals, memos, directives, and similar **DOCUMENTS** which describe, embody, or otherwise reflect **DEFENDANT'S** policies, practices, and procedures which apply to Plaintiff.

14. Any and all **DOCUMENTS**, writings, and/or time-keeping records (e.g., payroll records, time cards, punch cards, work period computer cards and printouts, work schedules, electronic time-keeping printouts, time-keeping hard drives, etc.) as described in Labor Code §§ 226, 1174, and Industrial Welfare Commission Wage Orders, section 7 for **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD.**

15. Any and all **DOCUMENTS**, records, and/or writings stating or evidencing all wage, overtime, and/or double-time payments (including methods of calculation and cash payments) made to **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD** (e.g., payroll records, pay stubs, itemized statements pursuant to Labor Code § 226, and **DOCUMENTS** generally described in Labor Code §§ 226(a) and 1174 and Industrial Welfare Commission Wage Orders, section 7).

16. All computer generated time records for all **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD.**

17. All time cards or other non-computer generated time records for all **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

18. **DOCUMENTS** that constitute agreements with **DEFENDANT'S NON-EXEMPT EMPLOYEES** to consent to on-duty meal periods during the **RELEVANT TIME PERIOD**.

19. Any and all **DOCUMENTS** which constitute, refer or relate to **YOUR** policies providing meal periods to **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

20. All **DOCUMENTS** that constitute agreements with **YOUR NON-EXEMPT EMPLOYEES** to waive meal periods during the **RELEVANT TIME PERIOD**.

21. All **DOCUMENTS** supporting any contention that **YOUR NON-EXEMPT EMPLOYEES** working maximum six hour shifts agreed to waive meal periods.

22. Any and all **DOCUMENTS** which constitute, refer or relate to **YOUR** policies providing rest periods to **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

23. **DOCUMENTS** sufficient to show each and every instance in which any of **YOUR** locations combined one or more rest periods with the daily meal period for any **NON-EXEMPT EMPLOYEE** during the **RELEVANT TIME PERIOD**.

24. All **DOCUMENTS** which in any manner relate, reflect and/or refer to **YOUR** policies concerning overtime hours worked by **YOUR** employees during the **RELEVANT TIME PERIOD**.

25. Copies of all e-mails, memoranda, correspondence sent or received by any of **YOUR** employees during the **RELEVANT TIME PERIOD** referring or relating to overtime hours or overtime wages.

26. For the **RELEVANT TIME PERIOD**, each and every one of **YOUR** employee manuals, revisions and amendments thereto.

27. Any and all **DOCUMENTS** which constitute, refer or relate to the payroll budget for each of **YOUR** California locations during the **RELEVANT TIME PERIOD**.

28. Any and all **DOCUMENTS** which constitute, refer or relate to personnel guides, employee handbooks, supervisory manuals, memos, directives, and similar **DOCUMENTS** which describe, embody, or otherwise reflect **YOUR** store policies, practices, and procedures during the **RELEVANT TIME PERIOD**.

29. Any and all **DOCUMENTS** which constitute, refer or relate to the defense, investigation, and/or settlement of claims filed against **YOU** with the United States Department of Labor, California Department of Labor Standards Enforcement, and/or any agency of a state or local government related to wage-hour claims against **YOU**.

30. **DOCUMENTS** that relate, reflect or refer to any administrative or civil complaints or claims filed against **YOU** for unpaid wages, unpaid overtime wages, missed meal periods, missed rest periods, or any other wage-hour claim by any **NON-EXEMPT EMPLOYEE** from January 1, 2001 to the date of **YOUR** response to this Request for Production.

31. Any and all **DOCUMENTS** which constitute, refer or relate to **YOUR** operations manuals in effect at any time during the **RELEVANT TIME PERIOD**.

32. All **DOCUMENTS** sufficient to describe **YOUR** electronic data processing systems, programs, and output thereof, including all mainframe systems, linked area networks, and word processing, electronic mail, personal information managers ("PICS"), calendars, and spreadsheet programs used by **YOU** to record, store, compute, analyze or retrieve any information referring or relating to the actual

hours worked by **YOUR NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

33. All **DOCUMENTS** that refer or relate to any internal assessment by **YOU** concerning **YOUR** compliance with labor laws, regulations, or wage orders pertaining to record-keeping, overtime, rest periods, or meal periods.

34. All **DOCUMENTS** sufficient to show pay scales for **YOUR NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

35. **DOCUMENTS** sufficient to show the number and location (address) of all of **YOUR** locations in the State of California during the **RELEVANT TIME PERIOD**.

36. **DOCUMENTS** sufficient to **IDENTIFY** all **NON-EXEMPT EMPLOYEES** employed by **YOU** at any time during the **RELEVANT TIME PERIOD**.

37. **DOCUMENTS** sufficient to show the number of **NON-EXEMPT EMPLOYEES** who work or have worked at each of **YOUR** locations in the State of California during the **RELEVANT TIME PERIOD**.

38. **DOCUMENTS** sufficient to show the total number of shifts worked by **YOUR NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

39. **DOCUMENTS** that in any manner relate, reflect or refer to **YOUR** retention and/or destruction policies for documents, including but not limited to, record-keeping, filing policies, and document maintenance, during the **RELEVANT TIME PERIOD**.

40. **DOCUMENTS** that relate, reflect or refer to any communications by **YOU** with any current or former **NON-EXEMPT EMPLOYEE** regarding the claims and/or issues in this action.

41. Any and all declarations or other written statements **YOU** have obtained relating to or in the investigation of Plaintiff's claims and/or this lawsuit.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

42.  **DOCUMENTS** that relate, reflect or refer to any surveys of your **NON-EXEMPT EMPLOYEES**, or any of them, regarding work conducted by **YOU** or on **YOUR** behalf within the past ten years.

43.  All **DOCUMENTS** that constitute, refer or relate to training programs for **YOUR NON-EXEMPT EMPLOYEES** who worked during all or part of the **RELEVANT TIME PERIOD**.

44.  **DOCUMENTS** that constitute any corporate organizational charts that include **YOUR** operations in effect at any time during the **RELEVANT TIME PERIOD**.

45.  All **DOCUMENTS** that show the wage rates applicable to each job position for all **NON-EXEMPT EMPLOYEES** during the **RELEVANT TIME PERIOD**.

Dated: January 18, 2008

JOSE GARAY, APLC,
THE CARTER LAW FIRM, and
**THE COOPER LAW FIRM, P.C.**

By: _____
Scott B. Cooper
Attorneys for Plaintiff

# EXHIBIT 2

```
 1  Jose Garay (State Bar No. 200494)
    JOSE GARAY, APLC
 2  2030 Main Street, Suite 1300
    Irvine, California 92614
 3  Telephone: (949) 260-9193
 4  Facsimile: (949) 260-9194

 5  Roger Carter (State Bar No. 140196)
    THE CARTER LAW FIRM
 6  2030 Main Street, Suite 1300
 7  Irvine, California 92614
    Telephone: (949) 260-4737
 8  Facsimile: (949) 260-4754

 9  Scott B. Cooper (State Bar No. 174520)
    THE COOPER LAW FIRM, P.C.
10  2030 Main Street, Suite 1300
11  Irvine, California 92614
    Telephone: (949) 724-9200
12  Facsimile: (949) 724-9255

13  Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLDWATER CREEK, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C07-5324 WHA<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT COLDWATER CREEK, INC.** |

///

1

PLAINTIFFS' FIRST SET OF INTERROGATORIES

8. **"PERSONNEL RECORDS"** includes, but is not limited to, the personnel file or files pertaining to the employee and all records and other **DOCUMENTS** that **YOU** maintain relating to the employee's qualifications for employment, promotion, qualification for exemption from overtime pay, additional compensation, or to termination, disciplinary action, performance or to any grievance concerning the employee, whether or not maintained as part of the personnel file.

9. "And" and "or" include each other. In each numbered paragraph below in which either or both of these words or both are used, the words shall be interpreted so that the paragraph describes the largest scope of documents and things for production that the language of the paragraph can be interpreted to describe.

10. The singular includes the plural, and the plural includes the singular, and in each numbered paragraph below in which a singular or plural or both are used, they shall be interpreted so that the paragraph describes the largest scope of documents and things for production that the language of the paragraph can be interpreted to describe.

## INTERROGATORIES

1. **IDENTIFY** all current and former **NON-EXEMPT EMPLOYEE(S)** for all of **YOUR** locations in the State of California during the **RELEVANT TIME PERIOD**.

2. State the total number of current **NON-EXEMPT EMPLOYEES**.

3. State the total number of **NON-EXEMPT EMPLOYEES** employed by **YOU** at any time during the **RELEVANT TIME PERIOD**.

4. State the total number of **NON-EXEMPT EMPLOYEES** who separated from **YOU** (i.e., those who quit, were discharged, or otherwise left **YOUR** employ) during the **RELEVANT TIME PERIOD**.

5. Provide the locations and dates of operation of all California **COLDWATER CREEK** facilities that were in operation at any time during the **RELEVANT TIME PERIOD**.