# THE COOPER LAW FIRM, PC

2030 MAIN STREET
SUITE 1300
IRVINE, CALIFORNIA 92614

E-MAIL: scott@cooper-firm.com
WEBSITE: www.cooper-firm.com

TELEPHONE: 949-724-9200
FACSIMILE: 949-724-9255

February 27, 2008

***Via Electronic Filing***

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

> **RE:** ***Keene v. Coldwater Creek, Inc.***
> **Case No. 3:07-CV-05324**
> **Defendant's Motion for Protective Order**

Dear Judge Alsup:

Pursuant to the Court's Order dated February 25, 2008, Plaintiff hereby submits this letter brief in response to Defendant's Motion for Protective Order filed February 22, 2008.

**Plaintiff Has Adequately Pled Class Allegations.** Defendant Coldwater Creek, Inc. ("Coldwater") asks the Court to preclude any discovery into class certification issues based on inapposite case law and the incorrect assertion that Plaintiff has not pled a sufficient facts in the Complaint to support her class-wide claims. Coldwater argues that "almost all allegations in [Plaintiff's] Complaint are 'on information and belief,'" and that Plaintiff has alleged few specific facts regarding her own employment "and ***none*** relating to other CWC employees." (Coldwater Letter Brief, p. 1.)

Contrary to these assertions, Plaintiff's Complaint is replete with allegations – not based on information and belief[1] – that support class-wide treatment of these claims. Indeed, the second paragraph of the Complaint alleges that Coldwater "consistently maintained and enforced against [its] non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

- Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiffs, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

---

1 Defendant cites no authority for its implied assertion that allegations based on information and belief somehow fall into a different category and should not be considered by the Court. In addition, none of the cases cited by Coldwater base the discovery decision solely on inadequacy of the allegations in the complaint. Nevertheless, the legitimacy of these arguments is irrelevant for purposes of this motion since the detailed allegations in the Complaint that are not based on information and belief are more than sufficient to establish class-wide liability.

Hon. William Alsup
February 26, 2008
Page -2-

- Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

- Defendants have had a consistent policy of failing to pay employees for all hours worked, whether regular time or overtime, and/or requiring employees to work "off the clock" without compensation during the workday and workweek while performing tasks, duties, and responsibilities for compensable hours worked.

See Complaint, ¶¶ 2(a)-(c). These allegations are specific and are not limited to Ms. Keene. Similar class-wide allegations can be found at paragraphs 11, 12, 14, 15, 17, 20, 21, 27, 28, 33, 34, 35, 41, 42, and 52. Plaintiff has properly pled her class claims.

**Under the Relevant Case, Class Discovery Should be Allowed.** The primary case cited by Coldwater does not support Coldwater's requested relief. In *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977), the court found that denial of the class certification motion without opportunity for further discovery was not an abuse of discretion because "regardless of the discovery that might have been undertaken, the numerosity and impracticable joinder requirements of section (a) of Rule 23 could never be met." In that case, the defendant presented evidence of a prior consent decree in which a number of the potential class members had participated and therefore could not accept relief in the current case. *Id.* Accordingly, the requirements of Rule 23(a) and (b) could not be met and further discovery was unnecessary. *Id.*; *see also Mantolete v. Bolger*, 767 F.2d 1416, 1425 (9th Cir. 1985) (discovery denied in part because the facts established that adjudication of the class claims would require individual inquiries not suitable for class treatment).

Here, Coldwater has made no affirmative showing that Plaintiff will not be able to meet the Rule 23 requirements. In fact, it provides no evidence at all. It merely argues that Plaintiff has not pled enough class-wide facts in the Complaint. As shown above, Plaintiff has alleged these facts, and as in most cases, "discovery is necessary to determine the existence of a class or set of subclasses." *Doninger*, 564 F.2d at 1313. "To deny discovery in a case of that nature would be an abuse of discretion." *Id.*

The discovery Plaintiff seeks is directly related to proving the class prerequisites under Rule 23. She is seeking evidence that bears on commonality, typicality, and numerosity. For example, she seeks time records and payroll records in order to establish that employees were not provided meal periods and were not compensated for those violations; any on-duty meal period agreements or meal period waivers; Coldwater's policies regarding meal periods, rest periods, and off-the-clock work; communications with employees regarding the relevant issues; and the number of potential class members. This is the type of evidence that will be helpful to the Court in determining the class certification issues.

Coldwater itself has acknowledged the propriety of class discovery at this stage. In the parties' Joint Case Management Conference Statement filed Janaury 17, 2008, the parties stated:

Hon. William Alsup
February 26, 2008
Page -3-

> Initial discovery shall relate to class certification issues (including class certification issues which overlap with merits issues) . . . . With respect to the class certification issues, the parties may obtain discovery regarding any non-privileged matter relevant to the question of whether Plaintiff's claims may be maintained as a class action.

(Joint Case Management Conference Statement, attached as Exhibit A, p. 5.) Nothing has changed since the filing of that Statement – Coldwater was in possession Plaintiff's Complaint that it now alleges precludes this exact type of discovery.

**Plaintiff is Entitled to Discovery of Class Member's Contact Information.** Plaintiff seeks contact information for other Coldwater non-exempt employees (who are witnesses and potential class members) as a means of further investigating her claims. Defendant cites to *Pioneer Electronics* and tries to distinguish based on. among other grounds, the fact that it was a consumer case. Surprisingly, Defendant fails to cite *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2nd Dist. 2007), a *wage and hour* class action in which the appellate court, relying on the reasoning of *Pioneer Electronics*, affirmed an order requiring disclosure of employee contact information after allowing employees to opt-out. *See also Puerto v. Superior Court*, 158 Cal. App. 4th 1242 (2nd Dist. 2008). For the reasons stated in that case, the employee contact information is discoverable.

To the extent other information sought by Plaintiff (i.e., time keeping records or payroll records) contain information protected by the right to privacy, Plaintiff is willing to consider methods to protect such information. For example, sensitive information (i.e., social security numbers) could be redacted, or the information could be produced by employee number rather than by name.

**The 30(b)(6) Deposition Should Not be Delayed**

As soon as defense counsel pointed out that Plaintiff's Rule 30(b)(6) Notice had exceeded the number of topics allowed by the Court's Supplemental Order, Plaintiff immediately agreed to withdraw the Notice and issue a new Notice with fewer than ten topics. (See 1/21/08 Email, attached as Exhibit A.) Plaintiff's counsel apologizes for the oversight in drafting the Notice. The topics in the amended Notice will be tailored to seeking information relevant to the certification issues. Once the Notice is reissued – Plaintiff is waiting on dates from defense counsel (*id.*) – the deposition should proceed without further delay.

Sincerely,

THE COOPER LAW FIRM, P.C.

Scott B. Cooper
Co-Counsel for Plaintiff

cc: Eric Meckley

# EXHIBIT A

1 | REBECCA EISEN, State Bar No. 096129
ERIC MECKLEY, State Bar No. 168181
2 | SHANNON B. NAKABAYASHI, State Bar No. 215459
STEVEN GARRETT, State Bar No. 220021
3 | MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
4 | San Francisco, CA 94105-1126
Tel: 415.442.1000
5 | Fax: 415.442.1001
reisen@morganlewis.com
6 | emeckley@morganlewis.com
snakabayashi@morganlewis.com
7 | steven.garrett@morganlewis.com

8 | Attorneys for Defendant
COLDWATER CREEK, INC.
9

10 | SCOTT B. COOPER, State Bar No. 174520
THE COOPER LAW FIRM, P.C.
11 | 2030 Main Street, Suite 1300
Irvine, California 92614
12 | Telephone: (949) 724-9200
Facsimile: (949) 724-9255
13 | scott@cooper-firm.com

14 | Attorneys for Plaintiff
Brittany Keene
15

16 |                      UNITED STATES DISTRICT COURT

17 |                     NORTHERN DISTRICT OF CALIFORNIA

18

19 | BRITTANY KEENE, individually and on        Case No. 3:07-cv-05324
     behalf of others similarly situated,
20 |                                            **JOINT CASE MANAGEMENT
                                                 CONFERENCE STATEMENT**
21 |                   Plaintiffs,
                                                 Date: January 24, 2008
22 |           vs.                               Time: 11:00 a.m.
                                                 Hon. William H. Alsup
23 | COLDWATER CREEK, INC., a Delaware           Dept: 9
     Corporation, and DOES 1 through 100,
24 | inclusive,

25 |                   Defendants.

26

27 |       Plaintiff Brittany Keene ("Plaintiff" or "Keene") and Defendant Coldwater Creek, Inc.

28 | ("Defendant" or "Coldwater Creek") (together hereinafter as the "Parties") timely submit this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1                                1                    JOINT CASE MANAGEMENT
                                                                   CONFERENCE STATEMENT

1  Joint Case Management Conference Statement in connection with the Initial Case Management

2  Conference scheduled for January 24, 2008 at 11 a.m. in Department 9 of this Court.

3  **I.    JURISDICTION & SERVICE**

4       Defendant contends the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) & (d)

5  pertaining to diversity of citizenship and 28 U.S.C. § 1453 and the Class Action Fairness Act

6  ("CAFA").  Plaintiff intends to conduct discovery to determine whether this case meets the five

7  million dollar ($5,000,000) amount in controversy requirement of CAFA.

8       No parties remained to be served.

9

10  **II.   FACTS**

11      Plaintiff Brittany Keene was employed by Defendant Coldwater Creek for approximately

12  1.75 years, from September 2003 through May 2005.  Plaintiff worked in the Mission Viejo,

13  California store.  Plaintiff was a non-exempt, hourly employee.  At the time she began her

14  employment, her pay rate was $8.75/hour.  At the end of her employment, her pay rate was

15  $8.90/hour.

16      Plaintiff filed her lawsuit in Alameda County Superior Court on September 6, 2007.

17  Defendant removed the action to this Court on October 23, 2007 based upon diversity of

18  citizenship.

19      The principal factual issues in dispute are as follows:

20       • Whether Defendant failed to provide Plaintiff with meal periods;

21       • Whether Defendant failed to authorize and permit Plaintiff to take rest breaks;

22       • Whether Plaintiff waived her meal periods and/or rest breaks;

23       • Whether Defendant failed to pay Plaintiff all wages due for hours worked;

24       • Whether Defendant failed to keep accurate records and provide accurate itemized

25         statements of the Plaintiff's wages and work periods in violation of California

26         Labor Code and California Wage Order 7;

27       • Whether Defendant willfully failed to pay timely all wages due to Plaintiff upon

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1                              2                    JOINT CASE MANAGEMENT
                                                                 CONFERENCE STATEMENT

her termination of employment as required by the California Labor Code;

- Whether common legal and factual issues exist and, if so, whether such issues predominate over individualized issues;

- Whether Plaintiff's claims and Defendant's defenses thereto are typical with respect to claims of the putative class and Defendant's defenses thereto;

- Whether Plaintiff is an adequate representative of the putative class members.

Other factual issues may emerge during the discovery process.

III.    **LEGAL ISSUES**

Among the key legal issues in the case are the following:

- Whether the language of California Labor Code section 226.7 and 512 requiring that an employer "provide" a meal period means that an employer must ensure an employee takes a meal period or means that an employer only must offer the employee an opportunity to take a meal period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007); Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 962-63 (2005); Perez v. Safety-Kleen Systems, Inc., 2007 WL 1848037 (N.D. Cal., Jun. 27, 2007);

- Whether the language of California Labor Code section 226.7 and the Industrial Welfare Commission Wage Orders requiring that an employer "authorize and permit" an employee to take a rest period means that an employer must ensure an employee takes a rest period or means that an employer only must offer the employee an opportunity to take a rest period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007);

- Whether, and under what circumstances, an employee can waive meal periods and/or rest breaks;

- Whether class certification is warranted under Rule 23 and, if so, the scope/definition of the class(es);

- Whether Plaintiff is entitled to "waiting time" penalties pursuant to California Labor Code section 203;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

3

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

- Whether any of the purported wage/hour violations alleged by Plaintiff in her Complaint constitute "unlawful," "unfair," or "fraudulent" business practices under Section 17200 of the California Business and Professions Code;

- Whether Plaintiff can maintain a claim under Section 17200 of the California Business and Professions Code to the extent the underlying alleged violations would result in Plaintiff being awarded either statutory or civil penalties.

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

## IV.    MOTIONS

There are no prior or pending motions.

Plaintiff anticipates filing a Motion for Class Certification.

Defendant anticipates filing a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, depending upon the facts adduced in written discovery and Plaintiff's deposition.

## V.    AMENDMENT OF PLEADINGS

The Parties do not currently anticipate any amendment of the pleadings.

## VI.    EVIDENCE PRESERVATION

Defendants have taken appropriate steps to preserve evidence relevant to the issues reasonably evident in this action, including appropriate interdictions of automatic document-destruction programs and pertinent electronically-recorded material.

## VII.    INITIAL DISCLOSURES

The Parties have timely met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure. Consistent with the Court's initial case management scheduling order and pursuant to the Parties' agreement, the Parties will be making their respective initial disclosures pursuant to Rule 26 on or before January 22, 2008. Because such disclosures have not occurred as of the filing of this Joint Statement, the Parties have not included a description of such disclosures herein.

## VIII.    DISCOVERY

Neither party has served any discovery to date. The parties agree to the following

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1                    4                    JOINT CASE MANAGEMENT
                                                        CONFERENCE STATEMENT

1    discovery plan:

2    **Initial Discovery:** Initial discovery shall relate to class certification issues (including

3    class certification issues which overlap with merits issues) and issues relating to the amount in

4    controversy requirement under CAFA. With respect to the class certification issues, the parties

5    may obtain discovery regarding any non-privileged matter relevant to the question of whether

6    Plaintiff's claims may be maintained as a class action.

7    Both Parties intend to propound requests for production of documents and interrogatories

8    prior to the Case Management Conference on January 24, 2008. Defendant intends to take the

9    deposition of the Plaintiff at a mutually agreeable date after receiving and analyzing Plaintiff's

10    responses to the written discovery (most likely mid- to late-March 2008). Following Defendant's

11    responses to written discovery, Plaintiff intends to take deposition(s) of Defendant's corporate

12    representative(s) on relevant issues pursuant to Fed. R. Civ. P. 30(b)(6).

13    **Proposed Modifications to Federal Rules of Civil Procedure:** Pursuant to Rule

14    30(d)(1), the Defendant requests that it shall have a maximum of fourteen (14) hours to depose

15    the named plaintiff (and any other person who may subsequently be added as a named plaintiff to

16    this action). Plaintiff objects and requests that the deposition be limited to the seven (7) hours

17    provided for in the Rule.

18    The Parties also propose that, in the event either party files declarations of more than 10

19    putative class members in support of or in opposition to Plaintiff's Motion for Class Certification,

20    then the opposing party will have the right to depose those declarants, even if the total number of

21    depositions taken by that party exceeds 10 depositions and, in this respect, the limit on the

22    number of depositions set forth in Rule 30(a)(2)(A) shall not apply. The Parties also agree to

23    meet and confer in good faith to the extent that either party expresses a need for any further

24    expansion of deposition discovery.

25    **IX.    CLASS ACTIONS**

26    Plaintiff intends to file a Motion for Class Certification. Plaintiff requests that the Court

27    set January 23, 2009 as the deadline for filing her Motion for Class Certification. Defendant

28    objects to Plaintiff's proposed deadline and requests that the Court set July 11, 2008 as the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

5

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1    deadline for Plaintiff to file her Motion for Class Certification.

2    **X.    RELATED CASES**

3        The parties are currently unaware of any related cases.

4    **XI.    RELIEF SOUGHT**

5        Plaintiff seeks: (1) statutory compensation for missed meal periods, (2) statutory

6    compensation for missed rest breaks, (3) wages for off-the-clock work, (4) statutory

7    compensation and penalties for failure to provide accurate itemized wage statements, (5) statutory

8    compensation and penalties for failure to pay wages timely upon termination of employment, and

9    (6) restitution, restoration of wages, and injunctive relief under Cal. Bus. & Prof. Code § 17200 *et*

10   *seq.* Without the benefit of data from the Defendant, Plaintiff cannot estimate the class-wide

11   damages at this time.

12   **XII.    SETTLEMENT AND ADR**

13       This case is assigned to the Court's ADR Multi-Option Program. In connection with that

14   assignment, the Parties filed their Joint Certification with Stipulation to participate in mediation

15   through the Court's program. To date the Parties have not been contacted by the ADR office nor

16   has a panelist mediator been assigned.

17       Defendant needs to obtain documents from Plaintiff and take Plaintiff's deposition before

18   it can meaningfully participate in ADR negotiations. Plaintiff will likewise need to obtain

19   documents and data from Defendant prior to any ADR proceeding.

20   **XIII.    CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

21       The parties do not consent to proceed before a Magistrate Judge.

22   **XIV.    OTHER REFERENCES**

23       The case is not suitable for reference to binding arbitration, a special master, or the

24   Judicial Panel on Multidistrict Litigation.

25   **XV.    NARROWING OF ISSUES**

26       At present, the Parties do not have any proposal for narrowing of issues in this case.

27   **XVI.    EXPEDITED SCHEDULE**

28       This case is not appropriate for an expedited schedule.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1                    6                    JOINT CASE MANAGEMENT
                                                       CONFERENCE STATEMENT

## XVII. SCHEDULING

Plaintiff's Proposed Schedule:

| | |
|---|---|
| Initial Discovery Cut-Off (Class Certification Issues) | November 7, 2008 |
| Deadline for Filing Motion for Class Certification | January 23, 2009 |
| Deadline for Filing Motion for Summary Judgment | April 3, 2009 |
| Non-Expert Discovery Cut-Off | April 17, 2009 |
| Initial Designation of Experts | April 24, 2009 |
| Expert Discovery Cut-Off | May 29, 2009 |
| Pretrial Conference | June 19, 2009 |
| Trial Date | July 27, 2009 |

Defendant's Proposed Schedule:

| | |
|---|---|
| Deadline for Filing Motion for Class Certification | July 11, 2008 |
| Deadline for Filing of Motion for Summary Judgment | September 5, 2008 |
| Non-Expert Discovery Cut-Off | October 10, 2008 |
| Initial Designation of Experts | October 17, 2008 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

| | |
|---|---|
| Expert Discovery Cut-Off | November 21, 2008 |
| Pretrial Conference | December 12, 2008 |
| Trial Date | January 26, 2009 |

## XVIII. TRIAL ESTIMATE

Although it is difficult at this stage of the litigation to estimate the time required for trial, particularly when the outcome of Plaintiff's motion for class certification and/or Defendant's motion for summary judgment may significantly alter the playing field.

Given the size of this purported class action, if the case is certified to be tried as a class action, Defendant believes that the time required will exceed six months to one year. Plaintiff believes that a trial of class-wide claims will require three to four weeks. If the case is not certified as a class action, Defendant believes that the time required for trial will be approximately four (4) days.

## XIV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant filed its Certification of Interested Entities or Parties on October 18, 2007. Other than the named parties, Defendant has no such interests to report.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7655504.1

8

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT

1

2   Dated:  January 17, 2008                THE COOPER LAW FIRM, P.C.

3

4                                BY_____/S/_____

5                              SCOTT B. COOPER
                                 Attorneys For Plaintiff

6                              BRITTANY KEENE

   Dated:  January 17, 2008                MORGAN, LEWIS & BOCKIUS LLP
7

8

9                              By_____/S/_____
                              Eric Meckley
                              Attorneys for Defendant

10                            COLDWATER CREEK, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO   1-SF/7655504.1                 9                  JOINT CASE MANAGEMENT
                                                   CONFERENCE STATEMENT

# EXHIBIT B

## Scott Cooper

| | |
|---|---|
| **From:** | Scott Cooper [scott@cooper-firm.com] |
| **Sent:** | Thursday, February 21, 2008 4:34 PM |
| **To:** | 'steven.garrett@morganlewis.com' |
| **Cc:** | 'emeckley@morganlewis.com'; 'Shannon Nakabayashi' |

**Subject:** Keene v. Coldwater Creek

Steven --

This will confirm the portion of our conversation today in which I agreed to withdraw the pending 30(b)(6) Notice and reissue another notice with revised topics.

On that note, please provide me with some dates on which you and your client would be available to attend the deposition.

Thank you.

--Scott

Scott B. Cooper
**The Cooper Law Firm, PC**
2030 Main Street, Suite 1300
Irvine, CA 92614
Ph: (949) 724-9200
Fax: (949) 724-9255
scott@cooper-firm.com
www.cooper-firm.com