1  Jose R. Garay, Esq., SBN 200494
   JOSE GARAY, *APLC*
2  2030 Main Street, Suite 1300
   Irvine, CA 92614
3  TEL:  (949) 260-9193
   FAX:  (949) 260-9194
4
   Roger Carter, Esq., SBN 140196
5  THE CARTER LAW FIRM
   2030 Main Street, Suite 1300
6  Irvine, CA 92614
   TEL:  (949) 260-4737
7  FAX:  (949) 260-4754

8  Scott B. Cooper, SBN 174520
   THE COOPER LAW FIRM, P.C.
9  2030 Main Street, Suite 1300
   Irvine, CA 92614
10 TEL:  (949) 724-9200
   FAX:  (949) 724-9255
11

   REBECCA EISEN, State Bar No. 096129
   ERIC MECKLEY, State Bar No. 168181
   SHANNON B. NAKABAYASHI, State Bar No. 215469
   STEVEN GARRETT, State Bar No. 220021
   MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
   San Francisco, CA  94105-1126
   Tel:  415.442.1000
   Fax:  415.442.1001
   reisen@morganlewis.com
   emeckley@morganlewis.com
   snakabayashi@morganlewis.com
   steven.garrett@morganlewis.com

   Attorneys for Defendant
   COLDWATER CREEK, INC.

12 Attorneys for Plaintiff, BRITTANY KEENE
   on behalf of herself and all others similarly
13 situated

14

15                  **UNITED STATES DISTRICT COURT**

16                **NORTHERN DISTRICT OF CALIFORNIA**

17 BRITTANY KEENE on behalf of herself and    )   **Case No.  07 CV 05324 WHA**
   all others similarly situated,             )
18                                            )
                                              )
19              Plaintiff,                    )   **STIPULATION OF CLASS ACTION**
                                              )   **SETTLEMENT**
20        vs.                                 )
                                              )
21 COLDWATER CREEK, INC., a Delaware          )
   corporation, and DOES 1 through 100,       )
22 inclusive,                                 )
                                              )
23              Defendants.                   )
                                              )
24                                            )
                                              )
25 _____        )

26

27

28

---

                **STIPULATION OF CLASS ACTION SETTLEMENT**

## CLASS ACTION SETTLEMENT AGREEMENT

This Stipulation of Class Action Settlement is entered into by and between Plaintiff Brittany Keene on behalf of herself and as a representative of the Settlement Class described herein, and Defendant Coldwater Creek, Inc.  This Stipulation is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis.  As detailed below, in the event that the Court does not execute and file the Order Granting Final Approval of Settlement or the conditions precedent are not met for any reason, this Stipulation shall be deemed null and void and shall be of no force or effect whatsoever.

### I.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings specified below:

1.1    "Alleged Claims" means the claims that were alleged in the Complaint filed by the Class Representative against Coldwater on September 6, 2007, including, but not limited to the following causes of action: (1) meal period violations (California Labor Code §§226.7 &512, Industrial Wage Commission ("IWC") Wage Order 7-2001); (2) rest period violations (California Labor Code §226.7, IWC Wage Order 7-2001); (3) failure to pay wages (California Labor Code §§ 201, 202, 218, 218.6, 221, 351, 510, 1194, 1198 & 1199, IWC Wage Order 7-2001) (4) failure to pay wages of terminated employees (California Labor Code §§ 201, 202 & 203, IWC Wage Order 7-2001); (5) inaccurate wage statements (California Labor Code §§ 226 & 1174, IWC Wage Order 7-2001); and (6) unlawful business practices (California Bus. and Prof. Code §17200).  Alleged Claims also means any and all claims asserted by the Class Representative under the Private Attorneys General Act ("PAGA") California Labor Code Section 2698, *et seq.,* as provided in Section 6.2.

1.2    "Attorney's Fees" shall have the meaning set forth in Section 7 of this Stipulation.

1.3    "Claims Administrator" means the third-party claims administration firm

1.4    "Class" and "Class Members" mean all current and former non-exempt employees working for Coldwater in California during the Class Period, regardless of title, location or position.

1.5     "Class Counsel" means:

Jose R. Garay, Esq., SBN 200494
JOSE GARAY, *APLC*
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL:  (949) 260-9193
FAX:  (949) 260-9194

Roger Carter, Esq., SBN 140196
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL:  (949) 260-4737
FAX:  (949) 260-4754

Scott B. Cooper, SBN 174520
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
TEL:  (949) 724-9200
FAX:  (949) 724-9255

1.6     "Class Period" means the period from September 6, 2003 to the Date of Preliminary Approval.

1.7     "Class Representative" means Plaintiff Brittany Keene and anyone acting on her behalf.

1.8     "Compensable Shifts" means the total number of shifts a Class Member worked as a non-exempt employee in California during the Class Period.

1.9     "Court" or "District Court" means the United States District Court for the Northern District of California.

1.10    "Date of Final Approval" means the date the Court enters an order granting final approval of the Settlement.

1.11    "Date of Preliminary Approval" means the date the Court enters an order granting preliminary approval of the Settlement.

1.12    "Day" means calendar day, unless expressly stated otherwise.

1.13    "Defendant" or "Coldwater Creek" means Defendant Coldwater Creek, Inc., its parent, subsidiaries, affiliates, successors and assigns and anyone acting on their behalf.

1.14    "Defendant's counsel" means:

2

STIPULATION OF CLASS ACTION SETTLEMENT

1-SF/7715328.3

REBECCA EISEN, State Bar No. 096129
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215459
STEVEN GARRETT, State Bar No. 220021
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
reisen@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com
steven.garrett@morganlewis.com

1.15    "Effective Date" means the date on which the District Court's Order granting final approval of the Settlement becomes final.  For purposes of this Paragraph, the District Court's Order "becomes final" upon the last to occur of the following: (a) if there are no objections to the Settlement, the date of entry of the Order; (b) if there are objections to the Settlement, and if an appeal, review, or writ is not sought from the Order, the 31st day after service of the Order; or (c) if an appeal, review, or writ is sought from the Order, the day after the Order is affirmed or the appeal, review, or writ is dismissed or denied, and the Order is no longer subject to further judicial review.

1.16    "Last Known Address" means the most recently recorded mailing address for a Class Member as such information is contained in the personnel records maintained by Coldwater Creek.

1.17    "Lawsuit" or "Complaint" means the action entitled Brittany Keene v. Coldwater Creek, Inc., Case No. 07-CV-05324 WHA, pending in the United States District Court for the Northern District of California.

1.18    "Litigation Expenses" means those expenses and costs of litigation incurred by Class Counsel and approved for reimbursement by the Court, excluding costs or fees of the Claims Administrator.

1.19    "Maximum Settlement Consideration" means the maximum amount that Coldwater Creek shall pay under the terms of this Stipulation, which is Nine Hundred and Fifty Thousand Dollars ($950,000.00), and is inclusive of all Settlement Payments, the PAGA Penalty Payment, Attorney's Fees, Litigation Expenses, Claims Administration Costs, and any Service Payment to the

1   Class Representative.  This amount does not include the employer's share of payroll taxes, such at

2   FICA, except to the extent that those taxes may be paid by Coldwater Creek using any Unclaimed

3   Amount.

4        1.20    "Net Settlement Consideration" means the Maximum Settlement Consideration less

5   Attorneys' Fees, Litigation Expenses, Claims Administration Costs (up to a maximum of $50,000),

6   any Service Payment to the Class Representative, and the PAGA Penalty Payment.

7        1.21    "Notice of Pendency of Class Action Settlement" or "Notice" shall have the meaning

8   set forth in Section 9.1 of this Stipulation.

9        1.22    "Notice Period" shall have the meaning set forth in Section 9 of this Stipulation.

10       1.23    "Participating Claimant" means each Class Member who timely submits a Qualifying

11  Settlement Claim Certification Form in response to the Notice of Pendency of Class Action

12  Settlement.

13       1.24    The "Parties" mean the Class Representative and Coldwater Creek.

14       1.25    "Qualifying Settlement Claim Certification Form" means a Settlement Claim

15  Certification Form that is completed, properly executed and timely returned to the Claims

16  Administrator.

17       1.26    "Reasonable Address Verification Measure" means the utilization of the process

18  outlined in Section 9.2.

19       1.27    "Released Claims" shall have the meaning set forth in Section 12 of this Stipulation.

20       1.28    "Released Parties" means Coldwater Creek, Inc., and each and all of its respective

21  past and present parents, subsidiaries, affiliated companies and corporations, and each and all of

22  their respective past and present directors, officers, managers, employees, general partners, limited

23  partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives,

24  predecessors, successors, divisions, joint venturers, assigns, or related entities, and each and all of

25  their respective executors, successors, assigns and legal representatives.

26       1.29    "Service Payment" shall have the meaning set forth in Section 6 of this Stipulation.

27       1.30    "Settlement" means the terms and conditions set forth in this Stipulation.

28

4

**STIPULATION OF CLASS ACTION SETTLEMENT**

1    1.31    "Settlement Claim Certification Form" means the form attached as Form A to the

2  Notice of Pendency of Class Action Settlement.

3    1.32    "Settlement Class" and "Settlement Class Member" mean all individuals who have

4  not opted out of the Settlement after Notice and who are therefore in the class that is certified for

5  purposes of Settlement only, following the entry of an appropriate Order by the Court.

6    1.33    "Settlement Payment" means the total, gross amount due to an individual

7  Participating Claimant, which shall be calculated as described in Sections 6.3, 6.5 and 6.7(B) of this

8  Stipulation.

9    1.34    "Stipulation," "Stipulation of Settlement" and "Agreement" means this particular

10  agreement entered into by the Parties to effectuate the terms of the Settlement.

11    1.35    "Total Consideration Payment" means the total amount paid by Coldwater Creek in

12  consideration for settlement of the Lawsuit, including Settlement Payments, the PAGA Penalty

13  Payment, Attorneys' Fees, Litigation Expenses, Claims Administration Costs, and any Enhancement

14  Payment to the Class Representative.  The Total Consideration Payment shall not include any

15  Unclaimed Amount.

16    1.36    "Unknown Claims" shall have the meaning set forth in Section 12 of this Stipulation.

17    1.37    "Updated Address" means a mailing that was updated via Reasonable Address

18  Verification measures or via an updated mailing address provided by the United States Postal

19  Service or a Class Member.

20  **II.    FACTUAL AND PROCEDURAL BACKGROUND**

21    A.    On September 6, 2007, the Class Representative filed a Complaint, initiating a class

22  action lawsuit against Coldwater in the Alameda County Superior Court, entitled <u>Brittany Keene v.</u>

23  <u>Coldwater Creek, Inc.</u>, Case No. RG07344777 (the "Lawsuit").  On October 18, 2007, Coldwater

24  timely removed the Lawsuit to United States District Court for the Northern District of California

25  (Case No. 07-CV-05324 WHA).

26    B.    The Complaint alleges six causes of action under California law for (1) failure to

27  provide meal periods or compensation in lieu thereof, (2) failure to provide rest periods or

28

5

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1  compensation in lieu thereof, (3) failure to pay wages, (4) failure to pay wages of terminated or

2  resigned employees, (5) knowing and intentional failure to comply with itemized employee wage

3  statement provisions, and (6) violations of the Unfair Competition Law.  The Complaint also seeks

4  pre-judgment interest and attorney's fees and costs.  As set forth more fully in Paragraph 4.2, and as

5  an express condition precedent to the validity and effectiveness of this Settlement, the Class

6  Representative shall amend the Complaint prior to the Date of Preliminary Approval to include

7  claim(s) for penalties under California's Private Attorney General Act ("PAGA"), California Labor

8  Code Section 2698, *et seq.*, based on the claims alleged in the Complaint.

9       C.     The Alleged Claims are brought on behalf of all Class Members. The Class

10  Representative was formerly employed by Coldwater Creek as a sales associate and cashier and was

11  paid on an hourly, non-exempt basis.

12       D.     On June 6, 2008, the Parties participated in mediation before Michael Dickstein, Esq. a

13  respected neutral mediator.  With Mr. Dickstein's assistance, the Parties reached the conditional

14  agreement reflected in this Stipulation.  At all times, the Parties' negotiations were adversarial, non-

15  collusive, and at an arms length.

16       E.     Prior to the mediation, the Parties engaged in both formal and informal discovery.

17  Coldwater Creek responded to the Class Representative's Requests for Production of Documents and

18  Special Interrogatories and produced documents, including time keeping "punch data" and payroll

19  records for the Class Representative.  Pursuant to the Court's February 28, 2008 Order, Coldwater

20  Creek also provided complete time records for a random sample of current and former employees,

21  which encompassed over 500 pages of detailed punch data.  Coldwater Creek also produced more

22  than one hundred pages of documents relating to its applicable policies and procedures.  The Class

23  Representative took the deposition of Coldwater Creek pursuant to Federal Rules of Civil Procedure

24  30(b)(6) on a number of topics.  Coldwater Creek took the deposition of the Class Representative.

25  **III.   ADDITIONAL RECITALS**

26       A.     The Parties are sufficiently familiar with the facts of the Lawsuit and the applicable

27  law so as to warrant settlement at this time.

28

1-SF/7715328.3

1    B.    The Parties are represented by competent counsel and have had the opportunity to

2  consult with counsel prior to the submission of this Stipulation to the Court.

3  Pursuant to Federal Rules of Evidence 408 and California Evidence Code Sections 1119 and 1152,

4  this Stipulation and any related documents filed or created in connection with it shall be inadmissible

5  in evidence in any proceeding, except as necessary to approve, interpret or enforce this Stipulation.

6    C.    Defendant denies any liability or wrongdoing of any kind associated with the Alleged

7  Claims, and further denies that, for purposes other than the settling of this Lawsuit, any part of this

8  Lawsuit is appropriate for class treatment.  Defendant has denied and continue to denies each and

9  every material factual allegation and alleged claim asserted in the Lawsuit.  Nothing herein shall

10  constitute an admission by Defendant of wrongdoing or liability or of the truth of any factual

11  allegations in the Lawsuit.  Nothing herein shall constitute an admission by Defendant that the

12  Lawsuit is properly brought on a class or representative basis other than for settlement purposes.  To

13  this end, the settlement of the Lawsuit, the negotiation and execution of this Agreement, and all acts

14  performed or documents executed pursuant to or in furtherance of the Settlement:  (i) are not, shall

15  not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or

16  liability on the part of Defendant or of the truth of any of the factual allegations in the Lawsuit; (ii)

17  are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or

18  omission on the part of Defendant in any civil, criminal or administrative proceeding in any court,

19  administrative agency or other tribunal; and (iii) are not, shall not be deemed to be, and may not be

20  used as, an admission or evidence of the appropriateness of these or similar claims for class

21  certification.  Nonetheless, Coldwater Creek has concluded that further litigation would be

22  protracted and expensive, and would also divert management and employee time.  Coldwater Creek

23  has taken into account the uncertainty and risks inherent in litigation.  Coldwater Creek has therefore

24  concluded that it is desirable that the Lawsuit be fully and finally settled in the manner and upon the

25  terms and conditions set forth in this Stipulation.

26    D.    The Class Representative and Class Counsel believe that the claims asserted in this

27  lawsuit have merit.  Class Counsel, however, recognizes and acknowledges the significant expense

28

7

STIPULATION OF CLASS ACTION SETTLEMENT

1    and length of continued proceedings necessary to prosecute the litigation against Coldwater Creek

2    through trials and through appeals. Class Counsel is also mindful of the challenges of obtaining

3    class certification and the problems of proving liability and damages and possible defenses to the

4    Alleged Claims. Class Counsel has performed a thorough study of the law and facts relating to the

5    Alleged Claims and has concluded, based upon their investigation and pre-mediation discovery, and

6    taking into account the sharply contested issues, the expense and time necessary to pursue the action

7    through trial, the risks and costs of further prosecution of the Lawsuit, the uncertainties of complex

8    litigation, and the substantial benefits to the members of the Settlement Class and the State of

9    California, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate

10    and in the best interests of the Settlement Class and the State of California. Both Class Counsel and

11    the Class Representative believe that the settlement set forth in this Stipulation confers substantial

12    benefits upon the Settlement Class and each of the Class Members.

13         E.    The Class Representative is entitled to a service payment for her risk and service on

14    behalf of the Settlement Class, which include: (1) participating in a full day deposition (including a

15    second day dedicated to a multi-hour prep session); (2) reviewing documents and related discovery;

16    (3) attending strategy sessions and meetings with Class Counsel; (4) providing a full general release that is

17    much broader than the "Released Claims"; (5) accepting the potential risk of being liable for the

18    opposing parties' costs and/or attorneys' fees if Class Counsel was unsuccessful in this lawsuit, and

19    (6) risking the potential stigma of being the Class Representative in a class action labor dispute

20    which could affect her future employability in this industry.

21    **IV.    CONDITIONS PRECEDENT TO EFFECTIVENESS OF STIPULATION**

22         4.1    The Parties enter into this Stipulation and the Settlement on a conditional basis.

23         This Stipulation and Settlement will become final and effective <u>only</u> upon the occurrence of

24    all of the following events:

25         (A)    As set forth in Paragraph 6.2 below, the Class Representative timely notifies the

26                California Labor Workforce Development Agency ("LWDA") via certified mail of

27                her PAGA claims and pursuant to California Labor Code Section 2699.3(a)(2):

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1    (1) the LWDA notifies the Class Representative within thirty days of the postmark

2    date of the Class Representative's notice that it does not intend to investigate the

3    alleged violations; or (2) no notice is received from the LWDA within thirty-three

4    (33) calendar days of the postmark date of the Class Representative's notice.

5    Pursuant to Labor Code Section 2699.3(C), the Class Representative must then file an

6    Amended Complaint containing all PAGA allegations specified in her notice to the

7    LWDA.  Coldwater Creek will stipulate to the filing of such an Amended Complaint.

8    (B)    The Court enters an order granting preliminary approval of the Settlement;

9    (C)    The Court enters an order granting final approval of the Settlement;

10    (D)    The Lawsuit is dismissed with prejudice; and

11    (E)    The Effective Date occurs, and any challenge to the Settlement, whether by objection

12    or appeal, is resolved in favor of enforcement of the Settlement.

13    4.2    Unless the Court orders otherwise or agreed in writing by the Parties, this Stipulation

14    shall be deemed null and void *ab initio* upon the failure of any of these five conditions to occur.

15    **V.    CONDITIONAL CLASS CERTIFICATION**

16    5.1    The Parties conditionally stipulate to class certification for purposes of the Settlement

17    only.  If the Court does not grant preliminary or final approval of this Settlement or, if appealed, the

18    Settlement is not affirmed, the Parties agree that class certification will automatically be deemed

19    revoked.  The Parties will take any other steps necessary to decertify the class.  In the event that the

20    class certification for settlement purposes is deemed revoked, then that class certification shall have

21    no precedential value and it shall not be introduced into evidence or used for any other purpose.

22    **VI.    SETTLEMENT CONSIDERATION**

23    6.1    Total Settlement Amount - Coldwater Creek agrees to pay each Participating

24    Claimant his or her Settlement Payment as consideration for settlement of the lawsuit.  The

25    Maximum Settlement Consideration shall not exceed the aggregate sum of Nine Hundred and Fifty

26    Thousand Dollars ($950,000.00).  The settlement is not subject to California Code of Procedure

27    section 384.  Notwithstanding any other provision in this Stipulation, aside from the employer's

28

9

**STIPULATION OF CLASS ACTION SETTLEMENT**

1   share of any applicable payroll taxes, in no event will Coldwater Creek be obligated to pay more

2   than Nine Hundred and Fifty Thousand ($950,000.00) in total settlement of the Lawsuit, including

3   all Settlement Payments, Litigation Expenses, Claims Administration Costs, Service Payment,

4   PAGA Penalty Payment, or any other amounts whatsoever.  The Total Consideration Payment will

5   constitute adequate consideration for this Settlement and will be made in full and final settlement of:

6           (A)     The Released Claims during the Class Period;

7           (B)     Class Counsel's claim for Attorneys' Fees and Litigation Expenses; and

8           (C)     Any other obligation of the Parties under this Stipulation.

9       6.2     PAGA Penalties - Coldwater Creek shall pay Thirty Thousand Dollars and No Cents

10  ($30,000.00) for settlement of any and all Alleged Claims for which penalties under the Private

11  Attorney General's Act ("PAGA"), Labor Code Section 2698 *et seq.,* may be sought or are otherwise

12  available.  The Class Representative agrees that she will timely exhaust her administrative PAGA

13  remedies.  She will notify the California Labor Workforce Development Agency ("LWDA") via

14  certified mail of her PAGA claims and the PAGA claims of the putative class.  If pursuant to

15  California Labor Code Section 2699.3(a)(2) the LWDA notifies the Class Representative within

16  thirty days of the postmark date of the Class Representative's notice that it does not intend to

17  investigation the alleged violation, or no notice is received from the LWDA within thirty-three (33)

18  calendar days of the postmark date of the Class Representative's notice, the Class Representative

19  agrees promptly to file an Amended Complaint pursuant to Labor Code Section 2699.3(C).  The

20  filing of the Amended Complaint is a condition precedent to this Settlement becoming effective.

21          Pursuant to the express requirements of Labor Code Section 2699(i), the PAGA payment

22  shall be allocated as follows: $22,500 (75%) to the California Labor & Workforce Development

23  Agency ("LWDA") for the enforcement of labor laws and education of employers, and $7,500

24  (25%) to the Participating Claimants on a pro rata basis.  The PAGA Penalty Payments to

25  Participating Claimants are not wages.

26          Should either the Class Representative fail to file an Amended Complaint or the LWDA

27  provide notice that it intends to investigate the Class Representative's claims or otherwise preclude

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1    the Class Representative from asserting PAGA claims, Coldwater Creek shall have the right, in its

2    sole discretion, to revoke the Settlement Agreement and the Settlement shall be void *ab initio*.

3        6.3    <u>Payment to Participating Claimants</u> - Each Participating Claimant shall receive a

4    Settlement Payment, which is a share of the Net Settlement Consideration based on the number of

5    Compensable Shifts worked by the Participating Claimant during the Class Period. The Settlement

6    Payment for each individual Participating Claimant shall be calculated by dividing the Net

7    Settlement Consideration by the total number of shifts worked by all Class Members during the

8    Class Period, and then multiplying that number by the total number of Compensable Shifts worked

9    by the individual Class Member.  By way of example only, if the total number of Compensable

10   Shifts worked by all Class Members combined is 400,000 and if the Net Settlement Consideration is

11   $600,000, and if the individual Participating Claimant worked 260 Compensable Shifts (i.e., an

12   employee working 5 days per week for approximately one year), then the Participating Claimant in

13   this example would receive: $390.00 [i.e., 600,000 divided by 400,000 = $1.50, multiplied by 260).

14        The Parties recognize and agree that the claims raised by the Lawsuit, including specifically

15   the claims for missed meal periods, missed rest periods, unpaid overtime and "off the clock" work,

16   are extremely difficult to determine with any certainty for any given time period, or at all.

17   Defendants deny any liability for missed meal periods, missed rest periods, unpaid overtime and "off

18   the clock" work. The Alleged Claims are subject to different calculations and formulae and

19   currently there is uncertainty as to the applicable standard for the meal period claims. The Parties

20   also recognize and agree that, given the number of Defendant's non-exempt employees in California

21   during the Class Period (i.e., more than 2,800), it would be extremely burdensome and unduly costly

22   to discern exactly which individuals were not provided meal periods, were not provided rest periods,

23   were not paid overtime and/or who were required to work "off the clock". The Parties hereby agree

24   that the formula for allocating the settlement payments to Participating Claimants provided herein is

25   reasonable and that the settlement payments provided herein are designed to provide a fair settlement

26   to the Class, despite the uncertainties associated with the amounts alleged to be owed.

27

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1    Each Participating Claimant shall also receive his or her pro rata share of the $7,500 portion

2    of the PAGA Penalty Payment to be distributed to Participating Claimants.

3    6.4    <u>Service Payment to the Class Representative</u> - Coldwater Creek agrees to pay a

4    Service Payment of Seven Thousand Five Hundred Dollars ($7,500.00) to the Class Representative

5    upon Class Counsel's application and the Court's approval, pursuant to Section 6.  The Class

6    Representative shall be issued an IRS Form 1099 for any Service Payment.  The Class

7    Representative hereby acknowledges that she has obtained no tax advice from Coldwater Creek and

8    that neither Coldwater Creek nor its attorneys has made any representation concerning the tax

9    consequences, if any, of the Service Payment.  The Class Representative agrees that she is solely

10   responsible for the tax consequences of the Service Payment.  The Class Representative further

11   agrees that, in the event that any taxing authority looks to the Coldwater Creek or any related entity

12   for satisfaction of any tax liability or for payment of any tax-related liability of any kind including

13   but not limited to penalties, fines, interest or withholdings, associated with the monies paid to the

14   Class Representatives or Class Counsel under this Agreement, she and Class Counsel shall

15   indemnify and hold Coldwater Creek harmless for all taxes, penalties, interest, withholdings,

16   amounts paid in settlement to any taxing authority, and expenses, including but not limited to

17   defense expenses and attorneys' fees, with regard to the payments to each respectively.  In the event

18   that Coldwater Creek's right to indemnification under this paragraph is triggered, Coldwater Creek

19   shall have the right to defend itself, select its own counsel, decide to contest or settle any claims

20   asserted, and direct its strategy and defense in relation to matters involving any taxing authority.

21   Coldwater Creek shall advise the Class Representative and Class Counsel in writing within five

22   (5) business days of their knowledge of any event triggering the Coldwater Creek's right to

23   indemnification, and the Class Representative and Class Counsel shall have the continuing right to

24   be advised of the status of any such action.

25   6.5    For the purpose of calculating applicable taxes for the payments to Participating

26   Claimants (including any payments to the Class Representative exclusive of her Service Payment),

27   the Parties agree that fifty percent (50%) of each Settlement Payment constitutes wages in the form

28

12

**STIPULATION OF CLASS ACTION SETTLEMENT**

of backpay (and each Participating Claimant will be issued an IRS Form W-2 for such payment to him or her), and fifty percent (50%) of each Settlement Payment constitutes interest, penalties and other non-wage payments (and each Participating Claimant will be issued an IRS Form 1099 for such payment to him or her). Coldwater shall not be responsible for payroll tax payments on any portion of the Settlement Consideration that is attributable to Attorneys' Fees, Litigation Expenses, Claims Administration Costs, PAGA Penalty Payment, penalties, interest or any Class Representative Service Payment. The Parties further understand that the Class Representative and any Participating Claimant who receives any Settlement Payment pursuant to this Stipulation shall be solely responsible for any and all tax obligations associated with such receipt, except as set forth in this Section. Coldwater Creek understands and agrees that it shall be responsible for paying the employer's share of any applicable payroll taxes, including those collected under the authority of the Federal Insurance Contributions Act (FICA), separate and apart from, and in addition to, the Maximum Settlement Consideration.

6.6     Coldwater Creek will not use the Settlement Payments to calculate any additional benefits including, for example (but without limitation), vacation, holiday pay, pension, or 401(k) plan contributions. Coldwater Creek contends that the Settlement Payments do not represent any modification of previously credited hours of service or other eligibility criteria under any employee pension or employee welfare benefit plan sponsored by Coldwater Creek. Nor does Coldwater Creek consider the Settlement Payments "compensation" for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan, an employee welfare benefit plan, or other plan sponsored by Coldwater or its predecessors, subsidiaries, or successors.

6.7     Unclaimed Portion of the Net Settlement Consideration

(A)     Coldwater Creek shall not be required to pay any Unclaimed Amount that remains after payment of the Settlement Payments. The "Unclaimed Amount" shall be the amount of the Net Settlement Consideration less the total of Settlement Payments allocated to Participating Claimants. However, in no case shall the Unclaimed Amount exceed fifty percent (50%) of the Net Settlement Consideration.

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

(B)     In the event that the sum of the (a) Settlement Payments allocated to Participating Claimants and (b) any Claims Administration Costs in excess of $50,000, is less than fifty percent (50%) of the Net Settlement Consideration, the total amount of Settlement Payments shall be adjusted to an amount equal to fifty percent (50%) of the Net Settlement Consideration.  In that case, the Settlement Payment for each Participating Claimant shall be increased to include a pro rata share of the difference between the Net Settlement Consideration and the total of Settlement Payments, based on the number of Shifts worked by each Participating Claimant during the Class Period.

(C)     The Claims Administrator shall notify Coldwater Creek's counsel of the Unclaimed Amount pursuant to Section 10.2 of this Stipulation, and Coldwater shall, at all times, retain custody and control of the Unclaimed Amount.

6.8     The Settlement Payments shall be paid according to Section 10 of this Stipulation.

## VII.     ATTORNEYS' FEES AND COSTS OF CLASS COUNSEL

7.1     Counsel will submit an application for:  (a) an award of Attorneys' Fees of no more than thirty percent (30%) of the Maximum Settlement Consideration; and (b) an award of actual Litigation Expenses not to exceed Fifteen Thousand Dollars ($15,000).  The amounts set forth in this Section will constitute complete consideration for all work performed and expenses incurred to date and for all worked to be performed and expenses to be incurred through the completion of the litigation and its settlement.  Coldwater Creek will not oppose a motion for approval of Class Representative's Attorneys' Fees and Litigation Expenses consistent with this Section.

7.2     The Attorneys' Fees and Litigation Expenses shall be paid according to Section 10.4 of this Stipulation.

## VIII.     COSTS OF CLAIMS ADMINISTRATION

8.1     "Claims Administration Costs" shall include all costs and expenses due to the Claims Administrator in connection with its administration of the claims including, but not limited to, providing Notice, locating Class Members, processing Opt-Out Forms and Settlement Claim Certification Forms, and administering and distributing Settlement Payments to the Settlement Class

14

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1  Members. All Claims Administration Costs shall be paid from the Maximum Settlement

2  Consideration. The Claims Administration Costs are not to exceed fifty thousand dollars

3  ($50,000.00). If the Claims Administration Costs exceed fifty thousand dollars ($50,000.00), the

4  additional Costs shall be paid from the Unclaimed Amount of the Net Settlement Consideration,

5  after such amount is calculated by the Claims Administrator. If the Unclaimed Amount of the Net

6  Settlement Consideration exceeds fifty percent (50%), the Claims Administration Costs in excess of

7  $50,000 shall be added to the amount of the Net Settlement Consideration before calculating the

8  adjusted Settlement Payments to Participating Claimants pursuant to Section 6.8(B) above.

9  **IX.   NOTICE PROCEDURE**

10         9.1     Notice to Class Members

11         Within twenty-one (21) calendar days after preliminary approval of this Settlement

12 Agreement, Defendant will provide to the Claims Administrator all of the following information

13 about each Class Member in a format requested by the Claims Administrator: (1) name, (2) Last

14 Known Address, (3) Social Security number, and (4) the number of Compensable Shifts the

15 employee worked. Not later than thirty-five (35) calendar days following the Date of Preliminary

16 Approval, the Claims Administrator shall send, via U.S. Mail, to each of the Class Members a

17 Notice of Pendency of Class Action Settlement (hereafter, "Notice"), an Opt-Out Form, and a

18 Settlement Claim Certification Form substantially in the form attached hereto and made a part hereof

19 as Exhibits "A" – "C" respectively.   The Claims Administrator shall send each mailing to the Last

20 Known Address of each Class Member and comply with the procedures specified in Section 9.2 of

21 this Stipulation.

22         9.2     Updating Last Known Addresses of Class Members

23         Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall

24 undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last

25 Known Address for each Class Member. The Claims Administrator will:

26         (1)      receive the last-known addresses and social security numbers of Settlement Class

27 Members from Coldwater Creek;

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1       (2)     run that list through the United States Postal Service's National Change of Address

2  database;

3       (3)     if necessary, perform address searches using public and proprietary electronic

4  resources that collect data from sources such as utility records, property tax records, motor vehicle

5  records (where permitted), and credit bureaus; and

6       (4)     Class Members still employed by Coldwater Creek will receive workplace notice via

7  e-mail, if applicable, or conventional mail at their work addresses

8       9.3     <u>Date of Mailing and Re-Mailing of Notice</u>

9       Unless the Claims Administrator receives a Notice returned from the United States Postal

10  Service, that Notice shall be deemed mailed on the date the Claims Administrator places the Notice

11  with the United States Postal Service for mailing.  In the event that, subsequent to the first mailing

12  and at least seven (7) days prior to the end of the Notice Period, the Notice is returned by the United

13  States Postal Service to the Claims Administrator with a forwarding address for the recipient, the

14  Claims Administrator shall re-mail the notice to that address no later than the last day of the Notice

15  Period, and the forwarding address will be deemed the Updated Address for that Class Member.  In

16  the event that subsequent to the first mailing and at least seven (7) days prior to the end of the Notice

17  Period the Notice is returned by the United States Postal Service to the Claims Administrator

18  without a forwarding address (i.e., the address is no longer valid and the envelope is marked "Return

19  to Sender"), the Claims Administrator shall complete a standard skip trace in an effort to ascertain

20  the current address of the particular Class Member in question and, if such address is ascertained, the

21  Claims Administrator will re-send the Notice no later than the last day of the Notice Period; if no

22  Updated Address is ascertained for that Class Member, the Claims Administrator will re-send the

23  Notice to the Last Known Address no later than the last day of the Notice Period.  For those Class

24  Members who are re-sent the Notice under this section, the Notice Period shall be extended another

25  twenty-five (25) days beyond the initial Notice Period.

26

27

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

9.4    Opt-Out and Claims Procedure

(A)    Subject to Court approval, Class Members shall have forty-five (45) days from the date that the Claims Administrator mails the Notice to them (referred to hereafter as the "Notice Period") to properly complete the Settlement Claim Certification Form or Opt-Out Form and to return it by mail to the Claims Administrator. The date of mailing of the Opt-Out Form or Settlement Claim Certification Form is deemed to be the date the form is deposited in the U.S. Mail, postage prepaid, as evidenced by the post-mark. If the last day of the Notice Period falls on a Sunday or legal holiday, the Notice Period shall be deemed to extend through the next business day. Class Members who do not properly and/or timely submit the Opt-Out Form become Settlement Class Members and shall be subject to the Settlement and Final Order from the Court. Class Members that do not properly and/or timely submit the Settlement Claim Certification Form shall not become a Participating Claimant, and shall not be entitled to any Settlement Payment.

(B)    Class Members who submit both a Settlement Claim Certification Form and an Opt-Out Form shall be sent a cure letter by the Claims Administrator seeking clarification of the response they want to submit. Absent any timely cure, they will be deemed Participating Claimants.

(C)    Class Members shall be instructed to provide a Social Security or taxpayer identification number on their Settlement Claim Certification Form.

(D)    Coldwater Creek's records will be presumed determinative with respect to whether each Class Member is a qualified Class Member, i.e. worked in California as a non-exempt employee during the Class Period. The personnel and payroll records of Coldwater Creek shall also be presumed correct for determining the number of Compensable Shifts. If for any reason a Class Member disagrees with Coldwater Creek's records, he or she shall be provided the opportunity to submit any objections along with any supporting documentation to the Claims Administrator along with his or her Settlement Claim Certification Form. The Settlement Administrator shall have the authority, based on Coldwater Creek's records and the information provided by the Class Member, to issue a final non-appealable decision with regard to the total Settlement Payment due.

1-SF/7715328.3

1           (E)    Within five (5) business days after the expiration of the Notice Period the

2    Claims Administrator shall notify Class Counsel and Coldwater Creek's counsel of (i) the Class

3    Members who have opted out of the Class; and (ii) the Class Members who have submitted

4    Qualifying Settlement Claim Certification Forms.  The Claims Administrator shall identify these

5    Class Members by employee identification number.

6           (F)    In the event that ten percent (10%) or more of all Class Members timely

7    request exclusion (Opt-Out) from the Settlement Class by submitting Opt-Out Forms, or Class

8    Members possessing, in the aggregate, claims of ten percent (10%) or more of the Net Settlement

9    Consideration submit timely Opt-Out Forms, Coldwater Creek shall have the absolute right in its

10    sole discretion to revoke and terminate this Agreement in its entirety.

11        9.5   Objections

12        Any Class Member who wishes to object to the Settlement must file and deliver a written

13    objection with the Court, and serve copies of the written objection to Class Counsel and counsel for

14    Coldwater, no later than forty-five (45) days from the date that Notice is mailed to them.  The date of

15    delivery of the written objection is deemed to be the date the objection is deposited in the U.S. Mail,

16    postage pre-paid, as evidenced by the postmark.  The objection must set forth, in clear and concise

17    terms, the legal and factual arguments supporting the objection.  Unless otherwise ordered by the

18    Court, Class Members shall not be entitled to speak at the Final Approval Hearing unless they have

19    submitted a timely written objection pursuant to this subsection.  Class Members who have properly

20    and timely submitted objections may appear at the Final Approval Hearing, either in person or

21    through a lawyer retained at their own expense.

22    **X.    PAYMENT OF CLAIMS**

23        10.1   As a condition of receiving any Settlement Payment under this Stipulation, Class

24    Members must not "opt-out" of the Class, must submit a Qualifying Settlement Claim Certification

25    Form, and must release the Released Claims.  Each Participating Claimant shall be entitled to a

26    payment equal to the sum of the Settlement Payment, less the required taxes and withholdings, plus a

27    pro rata share of the portion of the PAGA Penalty Payment distributed to Participating Claimants.

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1   The amount of the Settlement Payment and the pro rata share of the PAGA Penalty Payment shall be

2   determined by the Claims Administrator in the manner described in Section 6.3. 6.5 and 6.7(B) of

3   this Stipulation.

4       10.2   Within ten (10) business days of notice by the Claims Administrator of the Class

5   Members who have made claims and those who have opted out of the Class, in accordance with

6   Section 9.4, the Claims Administrator will notify Coldwater Creek's counsel of:  (a) the Net

7   Settlement Consideration; (b) the Total Consideration Payment; and (c) the Unclaimed Amount, if

8   any.

9       10.3   The Claims Administrator shall be responsible for mailing payments to the Settlement

10  Class Members, as well as issuing payment of any Service Payment, Attorneys' Fees and Litigation

11  Expenses.

12      10.4   Not later than ten (10) business days following the Effective Date, Coldwater Creek

13  shall provide the Claims Administrator with the Total Consideration Payment.  However, in the

14  event that the Order on Class Counsel's application for Class Representative's Attorneys' Fees,

15  Litigation Expenses and Service Payment is not final within ten (10) business days of the Effective

16  Date, any amounts payable under such Order as part of the Total Consideration Payment will be paid

17  within ten (10) business days after the Order is deemed final and no longer subject to any further

18  judicial reconsideration, review or appeal.

19      10.5   Not later than thirty-five (35) days following the Effective Date, the Claims

20  Administrator shall mail to each Settlement Class Member a check in the amount(s) calculated

21  pursuant to Sections 6.3, 6.5, 6.7(B) and 10.1 of this Stipulation.  The Claims Administrator shall be

22  responsible for making any applicable employee payroll or other deductions from the Settlement

23  Payments.

24      10.6   Any checks issued to Participating Claimants shall remain negotiable for a period of

25  at least one hundred eighty (180) days from the date of mailing. The funds associated with any

26  checks which are not timely negotiated will be considered unclaimed property and turned over to the

27  State Controller's office pursuant to California Code of Civil Procedure section 1500 *et seq.* and

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

California Administrative Code section 1150 *et seq.* Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Settlement and Final Order from the Court.

**XI.    DISMISSAL WITH PREJUDICE**

11.1    At the Final Approval Hearing, the Parties agree to jointly request that the Court immediately enter an order dismissing the Lawsuit with prejudice and to take whatever steps may be necessary to obtain such dismissal with prejudice.

**XII.    RELEASED CLAIMS**

12.1    Class Release

The Settlement Class Members, on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, hereby compromise, release, resolve, relinquish, discharge and settle each and all of the Released Parties from each of the Released Claims that exist in their favor through the Date of Preliminary Approval. The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency (except the EEOC) or with any administrative or advisory body, arising from or reasonably attributable to the Released Claims. The Participating Claimants shall specifically agree to the provisions of this Section in the Settlement Claim Certification Form.

"Released Claims" means claims or causes of action that are based on or reasonably relate to the Alleged Claims in the Complaint, including the alleged nonpayment of compensation for meal or rest period violations; the alleged nonpayment of wages, including claims for alleged unpaid overtime wages and "off-the-clock" work; the alleged failure to pay all wages due at termination based on these alleged violations; the alleged inaccurate wage statements based on these alleged violations; the alleged unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Sections 17200 *et. seq.*); the alleged penalties under PAGA (Labor Code §2698, *et seq.*) based on these alleged violations; and any premiums, penalties,

1    interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting

2    based on or related to the Alleged Claims.

3        The Settlement Class Members acknowledge that all rights under California Civil Code

4    Section 1542 are hereby waived by them with respect to the Released Claims that they may have

5    against the Released Parties.  Section 1542 provides:

6        A general release does not extend to claims which the creditor does not know or
         suspect to exist in his or her favor at the time of executing the release, which if
7        known by him or her must have materially affected his or her settlement with the
         debtor.
8
         As such, the Settlement Class Members understand and agree that they are providing the
9
     Released Parties with a full and complete release with respect to the Released claims.
10
         12.2    Class Representative Individual Release
11
             The Class Representative agrees that the consideration set forth in this Stipulation represents
12
     full settlement of all claims that were or could have been raised in the Lawsuit against Released
13
     Parties by the Class Representative.  The Class Representative, on behalf of herself, and each of her
14
     heirs, representatives, successors, assigns, and attorneys, hereby compromises, releases, resolves,
15
     relinquishes, discharges and settles each and all of the Released Parties from any and all claims she
16
     has or may have had against any of them arising from and relating to her employment with
17
     Coldwater Creek, including, but not limited to the claims alleged in the Lawsuit and any claims for
18
     severance, benefits, attorneys' fees, breach of contract, breach of the covenant of good faith and fair
19
     dealing, violation of public policy, infliction of emotional distress, misrepresentation, fraud,
20
     negligent retention/supervision, assault/battery, claims under Title VII of the Civil Rights Act, under
21
     the Age Discrimination in Employment Act, under the California Fair Employment and Housing
22
     Act, under the California Labor Code, under the California Business and Professions Code, under
23
     the Employment Retirement Income and Security Act, under the California Constitution, and any
24
     other statutory or common law claims relating to employment.  The Class Representative agrees that
25
     she will not institute any such action or cause of action (in law, in equity or administratively), suits,
26
     debts, liens, or claims, known or unknown, fixed or contingent, which she may have had or claim to
27
     have had in state or federal court, or with any state, federal or local government agency, or with any
28

21

**STIPULATION OF CLASS ACTION SETTLEMENT**

administrative or advisory body arising from or attributable to the Released Parties.

The Class Representative specifically acknowledges that she is aware of and familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Class Representative, being aware of this section, hereby expressly waives and relinquishes all rights and benefits she may have under this section as well as any other statutes or common law principles of a similar effect. Class Representative may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Claims, but stipulates and agrees that, upon the Effective Date, Class Representative shall and hereby does fully, finally and forever settle and release any and all claims against Coldwater Creek, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts.

Class Representative also agrees that, to the extent permitted by law, if a claim is prosecuted in her name against Released Parties before any court or administrative agency, other than the Workers' Compensation Appeals Board or EEOC, that she waives, and agrees not to take, any award of money or other damages from such proceeding. Class Representative agrees that, unless otherwise compelled by law, if a claim is prosecuted in her name against Released Parties that she will immediately request in writing that the claim on her behalf be withdrawn.

## XIII.   **MOTION FOR COURT APPROVAL**

13.1    Motion for Preliminary Approval

As soon as practicable, Class Representative shall file: (i) this Stipulation, including all attached exhibits; (ii) a noticed motion seeking the Court's preliminary approval of this Settlement ("Motion for Preliminary Approval"); (iii) a proposed order granting such preliminary approval and setting hearing for final approval; and (iv) and any other documents consistent with the Settlement and reasonably necessary to obtain the Court's approval of the Settlement. Class Counsel will

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1  provide Coldwater with five (5) business days to review and approve the Motion for Preliminary

2  Approval and all supporting papers prior to their filing the Motion.  The Parties will ask the Court to

3  maintain jurisdiction of this matter for the purpose of monitoring compliance with and performance

4  under this Stipulation and any and all orders and judgments, including the Judgment, entered by the

5  Court.

6          13.2    Motion for Final Approval

7          The Parties shall request that the Motion for Final Approval be set for hearing within 45 days

8  after the last day of the Notice Period, or as soon thereafter as the Court's calendar shall allow.  Prior

9  to the Final Approval Hearing, Class Representative shall file a Motion for Final Approval,

10  Memorandum of Points and Authorities in Support of the Settlement, and her Motion(s) for

11  Attorneys' fees, Costs and Class Representative Enhancement, and any other documents consistent

12  with the Settlement and reasonably necessary to obtain the Court's approval of the Settlement.  Class

13  Counsel will provide Coldwater with five (5) business days to review and approve the Motion for

14  Final Approval and all supporting paper prior to their filing the Motion with the Court.

15  **XIV.  COOPERATION**

16          14.1    The Parties shall cooperate fully with one another in seeking approval of the Court of

17  this Stipulation (including its Exhibits) and to use their respective best efforts to consummate the

18  Settlement and cause the Judgment to be entered and to become final.  The Parties therefore agree to

19  cooperate in good faith to promptly prepare, execute and finalize all Settlement-related documents,

20  seek all necessary Court approvals, and do all other things necessary to consummate the Settlement.

21  All Settlement-related documents, including, but not limited to, this Stipulation (and all attached

22  exhibits), the Motion for Preliminary Approval (and any supporting papers), and the Motion for

23  Final Approval (and any supporting papers) must be acceptable in both form and content to each of

24  the Parties.  In the event that the Parties are unable to reach agreement on the form or content of any

25  documents needed to implement the Settlement, or on any supplemental provisions that may become

26  necessary to effectuate the terms of the Settlement, the Parties agree to seek the assistance of the

27  Court. The Parties further agree that all such documents, supplemental provisions, and assistance of

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1    the Court shall be consistent with this Stipulation.  The Parties also agree to mutually seek to stay

2    any pending or subsequently-filed class action lawsuits that alleges any of the Released Claims set

3    forth in Section 12.1 of this Stipulation.

4        14.2    No Party to this Stipulation shall seek to evade his or its good faith obligations to seek

5    approval and implementation of this Settlement by virtue of any ruling, order, governmental report

6    or other development, whether in the Lawsuit, in any other litigation or otherwise that hereafter

7    might occur and might be deemed to alter the relative strengths of the Parties with respect to any

8    claims or defenses or their relative bargaining power with respect to negotiating.  The Parties and

9    their respective counsel of record deem this Settlement to be fair and reasonable and have arrived at

10   this Settlement in arms-length negotiations taking into account all relevant factors, present or

11   potential.

12   **XV.    <u>MISCELLANEOUS PROVISIONS</u>**

13       15.1    All of the Parties have been represented by counsel throughout all negotiations that

14   preceded the execution of this Stipulation, and this Stipulation is made with the consent and advice

15   of counsel.

16       15.2    This Stipulation may not be modified or amended, except in a writing that is signed

17   by the respective counsel of record for the Parties and approved by the Court.

18       15.3    This Stipulation and the exhibits attached hereto constitute the entire agreement

19   between the Parties concerning the subject matter hereof, and supersede and replace all prior

20   negotiations, understandings, memoranda of understanding and proposed agreements, written and

21   oral, relating thereto.  No extrinsic oral or written representations or terms shall modify, vary or

22   contradict the terms of the Stipulation unless made in writing and signed by duly authorized

23   representatives of all Parties and approved in writing by a final order of the Court.  No waiver of any

24   term, provision or condition of this Agreement, whether by conduct or otherwise, in any one or more

25   instance shall be deemed to be or construed as a further or continuing waiver of any such term,

26   provision or condition.

27

28

**STIPULATION OF CLASS ACTION SETTLEMENT**

1-SF/7715328.3

1    15.4    This Stipulation shall be subject to, governed by, construed, enforced, and

2    administered in accordance with the laws of the State of California, without giving effect to the

3    principles of conflict of laws, both in its procedural and substantive aspects, and shall be subject to

4    the continuing jurisdiction of the Court. This Stipulation shall be construed as a whole according to

5    its fair meaning and intent, and not strictly for or against any party, regardless of who drafted (or was

6    principally responsible for drafting) this Stipulation or any specific term or condition thereof.

7    15.5    This Stipulation may be executed in one or more counterparts, each of which shall be

8    deemed an original and together shall constitute one and the same instrument. When each of the

9    Parties has signed at least one such counterpart, this Stipulation shall become effective and binding

10   as to all of the Parties as of the day and year last written. Fax and/or electronically scanned

11   signatures shall be deemed as effective as originals.

12   15.6    The Settlement shall be binding upon and inure to the benefit of the settling parties'

13   respective successors, assigns, heirs, spouses, marital communities, executors, administrators and

14   legal representatives. The Stipulation and Settlement are not designed to and do not create any third-

15   party beneficiaries either express or implied.

16   15.7    Each individual signing this Stipulation warrants that he and/or she has the authority

17   and is expressly authorized to enter into this Stipulation on behalf of the party for which that

18   individual signs.

19   15.8    The Parties and their counsel agree that they will not issue any press releases or

20   initiate any contact with the media concerning this Stipulation or the resolution of the Lawsuit. If

21   the Parties and/or their counsel are contacted by the media, they may inform the media that the

22   Lawsuit has been amicably resolved, and refer them to the public filings in the Litigation. The Class

23   Representative and Class Counsel agree that they will not disclose the terms of the Settlement on any

24   websites or in any other materials not necessary for the facilitation of the Settlement.

25   In addition, the Parties agree that any communication about the Settlement to Class Members

26   prior to the mailing of the Court-approved Notice will be limited to a statement that settlement has

27   been reached and the details will be communicated in a forthcoming Court-approved Notice. The

28

25

**STIPULATION OF CLASS ACTION SETTLEMENT**

1  Class Representative agrees that she will refrain from discussing the terms or the fact of this

2  Settlement with any third parties other than (1) her immediate family members and (2) her

3  accountants or attorneys, as necessary.

4

5       IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing

6  terms and conditions by executing this Stipulation as of the date indicated below.

7

8  Dated:  June 23, 2008           THE CARTER LAW FIRM

9

10                             By _____

                               Roger R. Carter

11                                 Attorneys For Plaintiff

                               BRITTANY KEENE

12  Dated: June ____, 2008           MORGAN, LEWIS & BOCKIUS LLP

13

14                             By _____

                               Eric Meckley

15                                 Shannon Nakabayashi

                               Attorneys for Defendant

16                                 COLDWATER CREEK, INC.

17

18  Dated:  June ____, 2008

19                             BRITTANY KEENE

20

21  Dated:  June ____, 2008

22                             Jeffrey A. Parisian, on behalf of

                           COLDWATER CREEK, INC.

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT

1-SF/7715328.3

1   Class Representative agrees that she will refrain from discussing the terms or the fact of this

2   Settlement with any third parties other than (1) her immediate family members and (2) her

3   accountants or attorneys, as necessary.

4

5           IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing

6   terms and conditions by executing this Stipulation as of the date indicated below.

7

8   Dated:  June ___, 2008              THE CARTER LAW FIRM

9

10                                      By _____
                                            Roger R. Carter
11                                      Attorneys For Plaintiff
                                        BRITTANY KEENE

12  Dated: June ___, 2008               MORGAN, LEWIS & BOCKIUS LLP

13

14                                      By _____
                                            Eric Meckley
15                                          Shannon Nakabayashi
                                        Attorneys for Defendant
16                                      COLDWATER CREEK, INC.

17

18  Dated:  June 22, 2008               _____
                                        BRITTANY KEENE
19

20

21  Dated:  June ___, 2008              _____
                                        Jeffrey A. Parisian, on behalf of
22                                      COLDWATER CREEK, INC.

23

24

25

26

27

28

                                26
                STIPULATION OF CLASS ACTION SETTLEMENT

1    Class Representative agrees that she will refrain from discussing the terms or the fact of this

2    Settlement with any third parties other than (1) her immediate family members and (2) her

3    accountants or attorneys, as necessary.

4

5         IN WITNESS WHEREOF, each of the undersigned has agreed to and accepted the foregoing

6    terms and conditions by executing this Stipulation as of the date indicated below.

7

8    Dated:  June ___, 2008                      THE CARTER LAW FIRM, P.C.

9

10                                               By _____
                                                     Roger R. Carter
11                                               Attorneys For Plaintiff
                                                 BRITTANY KEENE
12   Dated: June ___, 2008
                                                 MORGAN, LEWIS & BOCKIUS LLP
13

14                                               By _____
                                                     Eric Meckley
15                                                   Shannon Nakabayashi
                                                 Attorneys for Defendant
16                                               COLDWATER CREEK, INC.

17

18   Dated:  June ___, 2008

19                                               _____
                                                 BRITTANY KEENE
20

21   Dated:  June 23, 2008

22                                               _____
                                                 Jeffrey A. Parisian, on behalf of
23                                               COLDWATER CREEK, INC.

24

25

26

27

28

                                    26
              **STIPULATION OF CLASS ACTION SETTLEMENT**

I-SF/7715328.3

ATTACHMENT A

# PLEASE READ THIS NOTICE CAREFULLY.

<u>UNTIED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF CALIFORNIA</u>

| | |
|---|---|
| BRITTANY KEENE,<br>on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>COLDWATER CREEK, INC, a Delaware<br>Corporation; and DOES 1 through 100,<br>inclusive,<br><br>        Defendants. | CASE NO. 07-CV-05324 WHA<br>[Hon. William H. Alsup]<br><br>**NOTICE OF PENDENCY OF CLASS<br>ACTION, PROPOSED SETTLEMENT<br>AND HEARING DATE FOR COURT<br>APPROVAL** |

## <u>ATTENTION CURRENT AND FORMER CALIFORNIA EMPLOYEES OF COLDWATER CREEK, INC.:</u>

THIS NOTICE EXPLAINS YOUR RIGHT TO RECOVER MONEY AS THE RESULT OF A SETTLEMENT OF A CLASS ACTION LAWSUIT AGAINST COLDWATER CREEK, INC. AND HOW TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS.

ACCORDING TO COLDWATER CREEK'S RECORDS, YOU ARE A MEMBER OF THE CLASS ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT. HOWEVER, TO RECEIVE A SETTLEMENT PAYMENT, YOU MUST FILL OUT AND RETURN THE ENCLOSED PROOF OF CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN _____, 2008.

IF YOU DO NOT COMPLETE AND RETURN YOUR CLAIM FORM BY THIS DEADLINE, YOU WILL NOT RECEIVE ANY MONEY UNDER THE SETTLEMENT.

*What is this case about?*

The purpose of this Notice is to inform you that your rights may be affected by the proceedings in a class action lawsuit pending before Judge William H. Alsup of the United States District Court for the Northern District of California (the "Court"). This Notice is given by Order of the Court.

There is a class action lawsuit now pending before the Court, brought on behalf of **all persons who worked for Coldwater Creek, Inc. in California between September 6, 2003 and _____ 2008, in a non-exempt position** ("Class Members"). Plaintiff Brittany Keene has alleged that Coldwater Creek, Inc. violated California Labor Code Sections 201, 202, 203, 218, 218.6, 221, 227, 227.6, 351, 510, 512, 1174, 1194, 1198 & 1199 and Industrial Welfare Commission Wage Order 7-2001 and failed to provide lawful duty free rest periods and meal periods or pay compensation in lieu thereof, failed to pay wages, failed to comply with itemized employee wage statement provisions and violated the unfair competition provisions of California Business & Professions Code Section 17200, *et. seq*.

There was a hearing on _____ in the United States District Court for the Northern District of California. Judge William H. Alsup conditionally certified a class action against Coldwater Creek, Inc. and directed that you receive this notice.

*What are the terms of the Settlement?*

Coldwater Creek does not admit to the lawsuit claims. Coldwater Creek denies that it owes money for unprovided rest and meal breaks, unpaid wages and related claims. The company is settling the matter as a compromise. Coldwater Creek reserves the right to object to any claim if for any reason the settlement fails. The Court file has the settlement documents with more information on the lawsuit.

The parties reached settlement in the amount of Nine Hundred and Fifty Thousand Dollars ($950,000). Defendant's total maximum liability, inclusive of all interests, costs, service payments, administration and attorneys' fees will thus not exceed $950,000. Defendant also will pay, in addition to this amount, the employer's share of payroll taxes arising from actual Settlement Awards paid to Qualified Claimants. If eligible, members of the Settlement Class may participate in the settlement. Class Members will not pay any out-of-pocket costs.

Additional Payments

The Court has preliminarily approved the following amounts to be funded from the total settlement amount:

    1.    Fee and Expense Award for Class Counsel: Class Counsel will request fees in the amount of up to $285,000, which represents thirty percent (30%) of the maximum payout. In addition, Class Counsel will request an Expense Award in the amount of up to $15,000. The Court will not determine the amount of fees or expenses until the Final Approval Hearing. The Fee and Expense Award shall compensate Class Counsel for the work they have performed in this Action and for their actual expenses incurred in connection with the Action. Class Members are not personally responsible for any of Class Counsel's attorneys' fees or expenses.

    2.    Service Payment to Class Representative: Class counsel will also seek an enhanced recovery of no more than $7,500 for Brittany Keene for acting as representative plaintiff on behalf of the Settlement Class. This will be in addition to whatever payment she is otherwise entitled to as a class member. If approved by the Court, this amount will be paid from the total settlement amount for her risk and service on behalf of the

1-SF/7718112.1

Settlement Class which included, among other things, reviewing documents, submitting to a deposition, attending strategy sessions and meetings with Class Counsel, and performing other services of that nature

       3.    <u>Settlement Administration Costs</u>:  Settlement Administration Costs in an amount not to exceed $50,000 to the Settlement Administrator, _____, for their services, including but not limited to distributing Class Notices and Claim Forms to Class Members, processing Claim Forms, calculating Settlement Awards for Qualified Claimants, and distributing Settlement Awards to Qualified Claimants.

       4.    <u>PAGA Penalties</u>: - Coldwater Creek shall pay Thirty Thousand Dollars ($30,000.00) for settlement of any and all claims for which penalties under the Private Attorney General's Act ("PAGA"), Labor Code Section 2698 *et seq.,* may be sought or are otherwise available.  The PAGA payment shall be allocated as follows: $22,500 (75%) to the California Labor & Workforce Development Agency ("LWDA"), and $7,500 (25%) to the Participating Claimants on a pro rata basis.

All of the foregoing payments are subject to final approval from the Court.

<u>Release of Claims</u>

Upon final approval of the Settlement, each Class Member who does not request exclusion from the settlement is deemed to fully release and discharge Coldwater Creek, Inc. and its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants, for claims or causes of action that are based on or reasonably relate to the Alleged Claims in the Complaint, including violations of California Labor Code Sections 201, 202, 203, 218, 218.6, 221, 227, 227.6, 351, 510, 512, 1174, 1194, 1198 & 1199 and Industrial Welfare Commission Wage Order 7-2001, the purported nonpayment of compensation for meal or rest period violations, nonpayment of wages, including claims for overtime wages and "off-the-clock" work, failure to pay all wages due at termination based on these alleged violations, inaccurate wage statements based on these alleged violations, unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Sections 17200 *et. seq.*), penalties under PAGA (Labor Code §2698, *et seq.*) based on these alleged violations and any related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting ("Released Claims").  Each Class Member will also waive all rights under California Civil Code Section 1542 with respect to any Released Claims that he or she may have against the Released Parties.  Section 1542 provides:

      A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

As such, the Settlement Class Members understand and agree that they are providing the Released Parties with a full and complete release of any and all Released claims, known or unknown which they may have against the Released Parties.

The Released Claims do <u>not</u> include a release of *all* your rights you have as an employee or former employee of Coldwater Creek.  The Released Claims are specifically limited to the claims set forth above.  Claims not listed are NOT part of this lawsuit and settlement.

***If I make a claim, how is my share of the Settlement calculated?***

Each Participating Claimant shall receive a Settlement Payment, which is a share of the Net Settlement Consideration or payment (Net Settlement Consideration is calculated by deducting Attorneys' Fees, Litigation Expenses, Claims Administration Costs, any Enhancement to the Class Representative, and the PAGA Penalty

**Questions? Call 1-800-_____ toll-free**

Payment from the Maximum Settlement Consideration). The payment for each Participating Claimant is based on the number of Compensable Shifts worked by that person during the Class Period. A "Compensable Shift" is defined as any shift an employee worked for Coldwater Creek as a non-exempt employee in California between September 6, 2003 and _____, 2008.

The Settlement Payment for each individual Participating Claimant shall be calculated by dividing the Net Settlement Consideration by the total number of shifts worked by all Class Members during the Class Period, and then multiplying that number by the total number of Compensable Shifts worked by the individual Class Member. By way of example only, if the total number of Compensable Shifts worked by all Class Members combined is 400,000 and if the Net Settlement Consideration is $600,000 and if the individual Participating Claimant worked 260 Compensable Shifts (i.e., an employee working 5 days per week for approximately one year (or 5 x 52)), the Participating Claimant would receive: $390.00 [i.e., 600,000 divided by 400,000 = $1.50, multiplied by 260).

In addition, each Participating Claimant shall receive his or her pro rata share of the $7,500 portion of the PAGA Penalty Payment to be distributed to Participating Claimants.

The attached Proof of Claim Form lists the number of Compensable Shifts that you worked during the Claims Period. If you believe that the number of Compensable Shifts listed on the Claim Form is incorrect, you must send a letter to the Claims Administrator on or before the deadline to file a claim along with the Claim Form indicating what you believe to be the correct number of qualifying shifts. You must also send any documents or other information that support your belief. The Claims Administrator will resolve any dispute regarding the number of Compensable Shifts you worked based on Coldwater Creek's records and any information that you provide.

An IRS Form 1099 will be distributed to each Settlement Class member reflecting the payment he/she receives under the settlement. For purposes of tax payment obligations, all of the amounts distributed to each Settlement Class member shall be treated as 50% interest and other compensation and 50% wages and reported as such. Settlement Class members should consult with their tax advisors concerning the tax consequences of the payments that they receive under the settlement.

***What are my rights and options as a Class Member?***

You have four options under this Settlement, each of which is discussed below. You may (A) claim your share of the settlement money, (B) exclude yourself from the Settlement, (C) object to the Settlement or (D) do nothing

(A)   IF YOU WANT TO CLAIM YOUR SHARE OF THE SETTLEMENT MONEY: In order to receive money from the settlement, you must submit a claim by filling out the enclosed Claim Form, and it must be postmarked no later than _____. By executing the Claim Form, you are consenting to the terms of the Settlement. Defendant will not retaliate against any person who participates in this Settlement.

To be eligible for a Settlement Award, you must submit your Claim Form, postmarked by _____, to the Settlement Administrator:

[address]

Claim Forms postmarked after _____ will be denied

(B) IF YOU WANT TO BE EXCLUDED FROM THE SETTLEMENT: If you do not wish to take part in the settlement you must complete the Opt-Out form. You need to complete the Opt-Out Form and promptly mail it

Page 4 of 5

**Questions? Call 1-800-_____ toll-free**

to the Settlement Administrator.  If you chose to opt out of the settlement you will not receive money from the settlement.

The judgment will bind all class members who do not request exclusion.  Any member who does not request exclusion may, if they wish, enter an appearance through his or her own lawyer at their own expense.

(C)  <u>IF YOU WANT TO OBJECT TO THE SETTLEMENT</u>: You may object, personally or through an attorney, to the proposed settlement by mailing your objection to the Clerk of the Court of the United States District Court for the Northern District of California, Judge William H. Alsup, Case No. 07 CV 05324 WHA, and counsel and appearing at the fairness hearing.  You must file with the Clerk of the Court of the United States District Court for Northern District of California a written notice of your desire to appear at the fairness hearing, briefly indicating the nature of your comments or objection.  Such notice must be filed with the Court no later than ___ [insert date 45 days from the date Notice mailed]_____, 2008, and a copy of it must be sent the same date to:

<u>Attorneys for the Plaintiff, Brittany Keene:</u>
Scott B. Cooper, Esq.
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Phone: 949-724-9200

<u>Attorneys for Coldwater Creek, Inc.</u>:
Eric Meckley, Esq.
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000

If you do not comply with this procedure, you may not be entitled to be heard at the fairness hearing or to otherwise contest the approval of the settlement, or to appeal from any related orders or judgments of the Court.

(D)    <u>IF YOU CHOOSE TO DO NOTHING</u>:  If you do nothing, and the Court approves the Settlement, you will be bound by the terms of the Settlement and the release, but you will not receive any money under the Settlement

### *When and where is the final approval hearing?*

The Court will conduct a final approval hearing on _____, 2008 in Department 9 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco.  At that hearing, the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court also will be asked to approve Class Counsel's request for attorney's fees and costs, and the enhancement awards to be paid to the Class Representatives.  Unless you have timely filed an objection to the settlement, IT IS NOT NECESSARY FOR YOU TO APPEAR AT THE HEARING.

### *What if I need more information?*

If you have any questions, call 1-800-_____ toll free.  Ask about the Coldwater Creek Class Settlement.

Coldwater Creek, Inc. Claims Administration c/o _____, _____, _____

## PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THE SETTLEMENT

Page 5 of 5
**Questions? Call 1-800-_____ toll-free**

I-SF/7718112.1

ATTACHMENT B

**BRITTANY KEENE v. COLDWATER CREEK, INC.,**
Case No. 07 CV 05324 WHA removed from Alameda County Superior Court, Case No.
RG07344777

**REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT**

INCOMPLETE AND/OR UNTIMELY FORMS WILL BE REJECTED

**YOU MUST <u>COMPLETE</u>, <u>SIGN</u> AND <u>MAIL</u> THIS REQUEST FOR EXCLUSION
FORM POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS,
IN ORDER TO BE EXCLUDED FROM THE CLASS ACTION SETTLEMENT.**

Coldwater Creek Claims Administrator
c/o _____
_____
_____
Phone: 1-800-_____

**I.   INSTRUCTIONS**

You must complete, sign and mail this Request for Opt-Out/Exclusion Form in order to opt-out of the Class
Action settlement. Your Request for Exclusion Form must be postmarked on or before the date above, or it
will be rejected. Your Request for Exclusion Form must be filled out completely, or it will be rejected.
If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current
address on file with the Claims Administrator.

**II.   REQUEST TO BE EXCLUDED FROM THE SETTLEMENT:**

I have received the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing. I
confirm that I am/was employed by Coldwater Creek, Inc.as a non-exempt employee in California between
September 6, 2003 and _____, 2008. I have carefully considered the information contained in the
Notice. I want to be excluded from the Settlement Class, and I have decided not to participate in the Proposed
Settlement. I understand that by submitting this Request for Exclusion Form, I will no longer be a Class
Member in the Settlement Class and that I will be barred from receiving any portion of the Settlement. I
further understand that by opting-out of the Settlement **I** may pursue any claims I may have against the
company listed above at my own expense. I understand that I have been advised in writing to seek the advice
of counsel regarding the applicable statute of limitations. **I understand that by submitting this Exclusion
Form, I will be forever barred from receiving any money under the Settlement.**

**I declare under penalty of perjury under the laws of the State of California and the United States that
the foregoing is true and correct.**

X_____    _____
  (Sign your name here)                               Date


_____    _____
Print Name (first, middle and last)                  Former Names (if any)

(\_\_\_\_)_____    XXX – XXX – \_\_ \_\_ \_\_ \_\_
Daytime Telephone Number                             Last Four Digits of Social Security Number

1-SF/7718048.1

ATTACHMENT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## BRITTANY KEENE v. COLDWATER CREEK, INC.,

Case No. 07 CV 05324 WHA removed from Alameda County Superior Court, Case No. RG07344777

## CLAIM FORM

**IN ORDER TO BE ELIGIBLE TO RECEIVE MONEY FROM THE CLASS ACTION SETTLEMENT , YOU MUST COMPLETE, SIGN, POSTMARK, AND MAIL THIS CLAIM FORM ON OR BEFORE_____, 2008, ADDRESSED AS FOLLOWS:**

```
 _____
 _____
 _____
     Phone: _____
```

**INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED**

**I.     INSTRUCTIONS:**

1.     Please complete this form only if you wish to participate in the settlement.  Do not complete this form if you wish to exclude yourself from the settlement.

2.     To be eligible for this settlement and for a monetary recovery, you must have worked for Coldwater Creek, Inc. in California as a non-exempt employee between September 6, 2003 and _____, 2008.

3.     Your completed Claim Form must be postmarked on or before _____, 2008 or it will be rejected.  Your Claim Form must be filled out completely, or it will be rejected.  If you move, please send the Claims Administrator your new address.  It is your responsibility to keep a current address on file with the Claims Administrator.

**II.     PERSONAL INFORMATION**

Please legibly print the following information:

Name (first, middle and last):_____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number:  (__ __) __ __ __ – __ __ __ __

Last Four Digits of Social Security Number:  XXX – XX – __ __ __ __

**III.     YOUR COMPENSABLE SHIFTS WORKED**

According to Coldwater Creek's records, you worked the following number of "Compensable Shifts" between September 6, 2003 and _____, 2008 .

### Individual Compensable Shifts

```
┌──────────────────────────────────┐
│                                  │
└──────────────────────────────────┘
```

A "Compensable Shift" is defined as any shift you worked for Coldwater Creek as a non-exempt employee in California between September 6, 2003 and _____, 2008.

Please be advised that the number of Compensable Shifts above is presumed to be correct unless you submit documents proving otherwise. If you disagree with the number of Compensable Shifts above, please explain why below and submit with this Claim Form any documents supporting your position. Please also state the total number of Compensable Shifts you believe you worked between September 6, 2003 and _____, 2008 :

_____

_____

_____

In the event of a dispute about the correct number of Compensable Shifts, the Claims Administrator will resolve the challenge and make a final and binding determination without hearing or right of appeal.

## IV.    **RELEASE OF CLAIMS**

**My signature below constitutes a release by me of Defendant, and its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants, for claims or causes of action that are based on or reasonably relate to the Alleged Claims in the Complaint, including violations of California Labor Code Sections 201, 202, 203, 218, 218.6, 221, 227, 227.6, 351, 510, 512, 1174, 1194, 1198 & 1199 and Industrial Welfare Commission Wage Order 7-2001, the purported nonpayment of compensation for meal or rest period violations, nonpayment of wages, including claims for overtime wages and "off-the-clock" work, failure to pay all wages due at termination based on these alleged violations, inaccurate wage statements based on these alleged violations, unfair or unlawful business practices based on these alleged violations (including under Business & Professions Code Sections 17200 _et. seq._), penalties under PAGA (Labor Code §2698, _et seq._) based on these alleged violations and any related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting ("Released Claims"). I acknowledge that all rights under California Civil Code Section 1542 are hereby waived by me with respect to any Released Claims that I may have against the Released Parties. Section 1542 provides:**

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and executed on the date set forth below.

X_____          _____
 (Signature)                                                              Date


_____
 (Print name)