REBECCA EISEN, State Bar No. 096129
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
STEVEN GARRETT, State Bar No. 220021
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001

Attorneys for Defendant
COLDWATER CREEK, INC.

SCOTT B. COOPER, Bar No. 174520
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:  949.724.9200
Facsimile:  949.724.9255

JOSE GARAY, Bar No. 200494
JOSE GARAY, APLC
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:  949.260.9193
Facsimile:  949.260.9194

ROGER CARTER, Bar No. 140196
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:  949.260.4737
Facsimile:  949.260.4754

Attorneys For Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLDWATER CREEK, INC., a Delaware corporation and DOES 1 through 100, inclusive<br><br>Defendant. | CASE NO. 07 CV 05324 WHA<br><br>**STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 15(a)]** |

1    Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Brittany Keene ("Plaintiff") and

2    Defendant Coldwater Creek, Inc. ("Defendant") (together hereinafter as the "Parties")

3    hereby stipulate that Plaintiff may amend the Complaint in this matter by filing the

4    First Amended Class Action Complaint attached hereto as Exhibit A.

5    The First Amended Complaint is identical to the original Complaint in all

6    respects except that it includes a Seventh Cause of Action and corresponding Prayer

7    for Relief for penalties under the Private Attorneys' General Act of 2004 ("PAGA"),

8    Labor Code section 2698, et seq., which are based solely upon the Labor Code

9    violations alleged in the original Complaint. Plaintiff sent a certified letter regarding

10   the alleged PAGA claim to the California Labor Workforce Development Agency

11   ("LWDA") and Defendant on June 11, 2008. The LWDA responded in a letter dated

12   July 14, 2008, stating that it did not intend to investigate the allegations. Therefore,

13   pursuant to Labor Code section 2699.3(a)(2)(C), Plaintiff "may as a matter of right

14   amend an existing complaint to add a cause of action arising under [the PAGA] at any

15   time within 60 days of the [receipt of the letter from the LWDA]."

16   The Parties further stipulate that the First Amended Class Action Complaint

17   shall be deemed served on Defendant on the date the First Amended Class Action

18   Complaint is filed with the Court.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

The Parties further stipulate that Defendant shall have ten days, as provided by Rule 15(a)(3), to file its responsive pleading.

**IT IS SO STIPULATED:**

Dated:  August 8, 2008

_____
SCOTT B. COOPER
THE COOPER LAW FIRM, P.C.
Attorney for Plaintiff

Dated:  August 8, 2008

/s/ Eric Meckley
_____
ERIC MECKLEY
SHANNON B. NAKABAYASHI
MORGAN, LEWIS & BOCKIUS, LLP
Attorneys for Defendant,
COLDWATER CREEK, INC.

## ORDER

Based on the foregoing stipulation, and in the interests of justice, the Court hereby grants Plaintiff leave to file the First Amended Complaint, in the form attached as an exhibit to the Parties' Stipulation.  Plaintiff must file the First Amended Complaint within three (3) days of the date of this Order.  Defendant must file a responsive pleading within ten (10) days following the date on which the First Amended Complaint is filed.

Dated:  August ____, 2008

_____
The Honorable William H. Alsup
Judge, United States District Court

3

# EXHIBIT A

(Counsel listed on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRCIT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of all others similarly situated, | Case No. **07 CV 05324 WHA** |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR** |
| v. | |
| COLDWATER CREEK, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | 1. **Failure to Provide Meal Periods or Compensation in Lieu Thereof** |
| Defendants. | 2. **Failure to Provide Rest Periods or Compensation in Lieu Thereof** |
| | 3. **Failure to Pay Wages** |
| | 4. **Failure to Pay Wages of Terminated or Resigned Employees** |
| | 5. **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions** |
| | 6. **Violations of the Unfair Competition Law** |
| | 7. **Penalties Pursuant To Labor Code § 2699** |
| | **DEMAND FOR JURY TRIAL** |

1

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1    Roger Carter (State Bar No. 140196)
2    **THE CARTER LAW FIRM**
     2030 Main Street, Suite 1300
3    Irvine, California 92614
4    Telephone:   (949) 260-4737
     Facsimile:    (949) 260-4754
5
     Jose Garay (State Bar No. 200494)
6    **JOSE GARAY, *APLC***
7    2030 Main Street, Suite 1300
     Irvine, California 92614
8    Telephone:   (949) 260-9193
     Facsimile:    (949) 260-9194
9

10   Scott B. Cooper (State Bar No. 174520)
11   **THE COOPER LAW FIRM, P.C.**
     2030 Main Street, Suite 1300
12   Irvine, California 92614
13   Telephone:   (949) 724-9200
     Facsimile:    (949) 724-9255
14

15   Attorneys for Plaintiffs
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BRITTANY KEENE, on behalf of herself and all others similarly situated, complains of Defendants, and each of them, and for causes of action alleges

## I.

## **INTRODUCTION**

1.     This is a class action, pursuant to California Code of Civil Procedure section 382, on behalf of Plaintiffs and all non-exempt employees employed by, or formerly employed by, COLDWATER CREEK, INC., a Delaware Corporation, and any subsidiaries or affiliated companies (hereinafter collectively referred to as "Coldwater Creek" or "Defendants"), within the State of California.  The non-exempt employees employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

2.     For at least four years prior to the filing of this action and through to the present, Defendants consistently maintained and enforced against Defendants' non-exempt employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:

      (a)    Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiffs, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

      (b)    Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiffs, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    workday that the rest period is not provided, as required by

2    California state wage and hour laws.

3    (c)    Defendants have had a consistent policy of failing to pay

4    employees for all hours worked, whether regular time or overtime,

5    and/or requiring employees to work "off the clock" without

6    compensation during the workday and workweek while

7    performing tasks, duties, and responsibilities for compensable

8    hours worked.

9    (d)    With respect to Class Members who either were discharged, laid

10    off, or resigned, Defendants failed to pay them in accordance with

11    the requirements of Labor Code §§ 201, 202, 203; and

12    (e)    Defendants failed to maintain accurate records of Class Members'

13    earned wages and work periods.

14    3.    Plaintiffs, on behalf of themselves and all other Class Members, bring

15    this action pursuant to California Labor Code sections 201, 202, 203, 218, 218.6, 221,

16    226, 226.7, 351, 512, 1194, 1199, and California Code of Regulations, Title 8, section

17    11000 *et seq.*, seeking unpaid wages, unpaid rest and meal period compensation,

18    penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and

19    costs.

20    4.    Plaintiffs, on behalf of themselves and all Class Members, pursuant to

21    Business and Professions Code sections 17200-17208, also seek injunctive relief and

22    restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

23    ///

24    ///

25    ///

26    ///

27    ///

28    **II.**

4

# PARTIES

**A.    Plaintiff**

5.    Plaintiff BRITTANY KEENE is a resident of California.  At relevant times herein, she was employed by Defendants as a non-exempt employee in California.

**B.    Defendants**

6.    COLDWATER CREEK, INC. is a Delaware Corporation.  It owns and operates women's clothing and accessory stores and spas throughout the United States and California, including in Alameda County.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiffs are informed and believe, and based thereon allege, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

8.    Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiffs and the Class Members.

9.    Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure section 395.  On information and belief, Coldwater Creek operates and is doing business as Coldwater Creek throughout California and is doing business in Alameda County, and each defendant is within the jurisdiction of

5

1   this Court for service of process purposes.  Defendants operate at least one store in

2   Alameda County, California.  The unlawful acts alleged herein have a direct effect on

3   Plaintiffs and those similarly situated within the State of California.  Defendants

4   employ Class Members in Alameda County.

### III.

### FACTUAL BACKGROUND

7   10.    Plaintiff and the Class Members are, and at all times pertinent hereto,

8   have been non-exempt employees within the meaning of the California Labor Code

9   and the implementing rules and regulations of IWC California Wage Orders.

10  Defendants hire hourly employees who work in non-exempt positions in Coldwater

11  Creek locations throughout California.

12  11.    Plaintiff and the Defendants' non-exempt employees were not provided

13  lawful meal periods, and were not provided with one hour's wages in lieu thereof, in

14  one or more of the following manners:

(a)    employees were not provided meal periods for work days in excess of five and/or ten hours and were not compensated one hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders;

(b)    employees were required to work through their daily meal period(s), or work an unlawful "on-duty meal period";

(c)    employees were severely restricted in their ability to take a meal period; and

(d)    employees were required to "clock out" for a meal period that was not taken by Class Members or permitted by Defendants.

26  ///

27  ///

28

6

12.    Plaintiff and the Defendants' non-exempt employees were not provided lawful rest periods, and were not provided with one hour's wages in lieu thereof, in one or more of the following manners:

    (a)    employees were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and not being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

    (b)    employees were neither permitted nor authorized to take lawful rest periods.

13.    On information and belief, Plaintiff alleges that she and the Class Members did not waive meal or rest periods during the liability period.

14.    Plaintiff and the Defendants' non-exempt employees were not paid for all hours worked, whether regular time or overtime, and/or were required to work "off the clock" without compensation during the workday and workweek while performing tasks, duties, and responsibilities for compensable hours worked.

15.    Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiffs and the Class Members they seek to represent:

    (a)    failing to pay Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203; and

    (b)    failing to maintain accurate records of Class Members' earned wages and work periods in violation of Labor Code §§ 226 and 1174(d) and Section 7 of the applicable IWC Wage Orders.

16.    Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay their employees and Class Members in a timely manner all earned wages; nor have Defendants returned to Class Members, upon or

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  after termination of their employment with Defendants, unlawful deductions and

2  penalties due them for having failed to properly provide rest and meal periods.

3       17.   Defendants' non-exempt employees spend the majority of their time

4  doing routine, non-discretionary tasks.  These duties occupy more than 50% of the

5  work time.

6       18.   At relevant times herein, the named Plaintiff and the Class Members

7  were employed by Defendants and were paid, on information and belief,

8  predominantly on an hourly basis.

9       19.   On information and belief, Plaintiff alleges that Defendants' actions as

10  described throughout this Complaint were willful.

11       20.   Defendants have made it difficult to account with precision for the

12  unlawfully withheld wages and meal and rest period compensation owed to

13  Defendants' non-exempt employees, including Plaintiff, during the liability period,

14  because they did not implement and preserve a record-keeping method to record all

15  the unlawful deductions as required for non-exempt employees by California Labor

16  Code sections 226, 1174(d), and section 7 of the California Wage Orders.

17  Defendants have failed to comply with Labor Code section 226(a) by itemizing in

18  wage statements all deductions from payment of wages and accurately reporting total

19  hours worked by Plaintiff and the Class Members.  Plaintiff and Class Members are

20  therefore entitled to penalties not to exceed $4,000 for each employee pursuant to

21  Labor Code section 226(b).

22       21.   Defendants have failed to comply with section 7 of the California IWC

23  Wage Orders by failing to maintain time records showing when the employee begins

24  and ends each work period, meal periods, wages earned pursuant to Labor Code

25  section 226.7, and total daily hours worked by itemizing in wage statements all

26  deductions from payment of wages and accurately reporting total hours worked by the

27  Class Members.

28

8

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# IV.

## CLASS ALLEGATIONS

22.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to represent Classes composed of and defined as follows:

(a)    All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided.

(b)    All persons who are employed or have been employed by Defendants in the State of California who, for the four years prior to the filing of this class action to the present have worked as non-exempt employees and have not been provided a rest period for every four hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided.

(c)    All persons who are employed or have been employed by Defendants in the State of California who, within four (4) years of the filing of this Complaint, have worked as non-exempt employees and were not paid all regular time and overtime.

(d)    All persons who have separated their employment from Defendants in the State of California who, within four years of the filing of this Complaint, have not been paid wages pursuant to Labor Code sections 201-203 and are owed restitution for waiting time penalties deriving from wages.

23.    Plaintiff reserves the right under Rule 1855(b), California Rules of Court, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

///

///

///

9

24.    This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.    Numerosity**

25.    The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that Defendants currently employ, and during the relevant time periods employed, at least several hundred employees in positions as Defendants' non-exempt employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

26.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Classes is not practicable.

**B.    Commonality**

27.    There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)    Whether Defendants violated Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide a meal period to non-exempt employees on days they worked work periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods;

10

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1      (b)      Whether Defendants violated Labor Code § 226.7 and section 12

2                 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section

3                 11000 *et seq.* by failing to provide daily rest periods to non-

4                 exempt employees for every four hours or major fraction thereof

5                 worked and failing to compensate said employees one hour's

6                 wages in lieu of rest periods;

7      (c)      Whether Defendants violated sections 226 and 1174 of the Labor

8                 Code and section 7 of the IWC Wage Orders by failing to maintain

9                 accurate records of Class Members' earned wages and work

10                periods;

11     (d)      Whether Defendants violated section 226 of the Labor Code and

12                section 7 of the IWC Wage Orders by failing to itemize in wage

13                statements all reimbursable expenses and losses and accurately

14                maintain records pertaining to Plaintiffs and each Class they seek

15                to represent;

16     (e)      Whether Defendants violated sections 201-203 of the Labor Code

17                by failing to pay all earned wages and/or premium wages or return

18                unlawfully deducted wages, expenditures or losses, or

19                reimbursements due and owing at the time that any Class

20                Member's employment with Defendants terminated, voluntarily or

21                involuntarily;

22     (f)      Whether Defendants violated section 17200 *et seq.* of the Business

23                and Professions Code by failing to provide meal and rest periods

24                without compensating non-exempt employees one hour's pay for

25                every day such periods were not provided, failing to pay

26                compensation for denied meal and rest periods due and owing at

27                the time a Class Member's employment with Defendants

28                terminated, and failing to keep accurate records;

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

(g)   Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code, Labor Code §§ 201-203, 351, 226.7, 512, 1194, 1199, 1174, 2802, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(h)   Whether Plaintiffs and the Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 *et seq.*

## C.   <u>Typicality</u>

28.   The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

## D.   <u>Adequacy of Representation</u>

29.   Plaintiffs will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

## E.   <u>Superiority of Class Action</u>

30.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

31.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

12

# V.

## CAUSES OF ACTION

### First Cause of Action

### *(Failure to Provide Meal Periods or Compensation in Lieu Thereof)*

32.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

33.     Defendants had a policy and practice of failing to provide lawful duty-free meal periods due, in part, to the rushed and high pressure working environment fostered by Defendants, for days during the liability period on which non-exempt employees work(ed)/work periods in excess of five hours, and Defendants failed to provide compensation in lieu thereof.

34.     By failing to provide meal periods on the days non-exempt employees worked periods in excess of five hours and failing to compensate said employees one hour's wages in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, section 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.*

35.     Plaintiff and the Class Members she seeks to represent did not voluntarily or willfully waive meal periods.

36.     By failing to keep adequate records as required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due Plaintiff and Class Members.

37.     As a result of the unlawful acts of Defendants, Plaintiff and each Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

13

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

38.    WHEREFORE, Plaintiff and the meal period Class she seeks to represent request relief as described herein and below.

**Second Cause of Action**

***(Failure to Provide Rest Periods or Compensation in Lieu Thereof)***

39.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

40.    On information and belief, during the rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take rest periods.

41.    By their failure to provide rest periods for every four hours or major fraction thereof worked per day by non-exempt employees, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and section 12 of the IWC Wage Orders.

42.    Plaintiff and the Class Member she seeks to represent did not voluntarily or willfully waive rest periods.

43.    By failing to keep adequate records as required by sections 226 and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest period compensation (including wages, interest, and penalties thereon) due Plaintiff and Class Members.

44.    As a result of the unlawful acts of Defendants, Plaintiff and each Class she seeks to represent have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

WHEREFORE, Plaintiff and the rest period Class she seeks to represent request relief as described herein and below.

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

### Third Cause of Action

### *(Failure to Pay Wages)*

45.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

46.     On information and belief, Plaintiff alleges that, by their policies of:

       (a)    Failing to pay employees for all hours worked, whether regular time or overtime; and/or

       (b)    Requiring employees to work "off the clock" and without compensation,

Defendants willfully violated the provisions of the Labor Code, including § 1194, the applicable IWC Wage Orders, and California law.

47.     As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

48.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

### Fourth Cause of Action

### *(Failure to Timely Pay Wages Due At Termination)*

49.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

50.     Sections 201 and 202 of the California Labor Code require Defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

51.    Plaintiff and each Class she seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, wages earned but not paid, compensation for unprovided rest periods and unprovided meal periods, and/or compensation for unlawful deductions, but to date have not received such compensation, therefore entitling them Labor Code section 203 penalties.

52.    More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code section 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

53.    Plaintiff and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code § 203 for willful failure to pay one hour's wages in lieu thereof for denied rest and meal periods, together with interest thereon and attorneys' fees and costs.

54.    WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below.

### Fifth Cause of Action

#### (Knowing and Intentional Failure to Comply With
#### Itemized Employee Wage Statement Provisions)

55.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

56.    Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class Members.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and Class Members.

16

57.    Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

58.    Section 7 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class Members. On information and belief, Plaintiffs allege that Defendants have knowingly and intentionally failed to comply with these Wage Orders.

59.    WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below.

### Sixth Cause of Action

### *(Violation of Unfair Competition Law)*

60.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

61.    On information and belief, Plaintiff alleges that, by their policy of:

(a)    requiring employees to work in excess of five hours per day without being provided a lawful meal period and not being compensated one hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

17

---

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1      (b)    requiring employees to work without being provided a minimum

2      ten-minute rest period for every four hours or major fraction

3      thereof worked and not being compensated one hour of pay at

4      their regular rate of compensation for each workday that a rest

5      period was not provided;

6      (c)    failing to pay all earned wages to Plaintiffs and Class Members;

7      (d)    failing to keep proper records; and

8      (e)    failing to pay employees all wages and compensation due at the

9      termination of their employment,

10  Defendants engaged in unlawful activity prohibited by Business and Professions Code

11  section 17200 *et seq.*

12      62.    The actions of Defendants as alleged within this Complaint constitute

13  false, fraudulent, unlawful, unfair, and deceptive business practices, within the

14  meaning of Business and Professions Code section 17200 *et seq.*

15      63.    Plaintiff is entitled to an injunction and other equitable relief against such

16  unlawful practices in order to prevent future damage, for which there is no adequate

17  remedy at law, and to avoid a multiplicity of lawsuits.

18      64.    As a result of their unlawful acts, Defendants have reaped and continue

19  to reap unfair benefits and unlawful profits at the expense of Plaintiff and each Class

20  she seek to represent.  Defendants should be enjoined from these activities and restore

21  to Plaintiff and the Class Members the wrongfully withheld wages pursuant to

22  Business and Professions Code § 17203.  Plaintiff is informed and believes, and

23  thereon alleges, that Defendants have been unjustly enriched through Defendants'

24  unlawful, unfair, and fraudulent business practices as alleged throughout the

25  Complaint.  Plaintiff is informed and believes, and thereon alleges, that Plaintiff and

26  the Class Members are and have been prejudiced by Defendants' unfair trade

27  practices.

28

18

65.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

66.    The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to engage in the unlawful conduct previously alleged in this Complaint, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

67.    Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

68.    WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below and as deemed just.

## Seventh Cause of Action

### (Penalties Pursuant to PAGA - Labor Code § 2699 et seq.)

69.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

70.    As a result of the acts previously alleged, including violations of the sections of the California Labor Code alleged above, Plaintiff seeks penalties under Labor Code §§ 2698 and 2699.

71.    For each such violation, Plaintiff and the proposed Classes are entitled to penalties in the amount to be shown at the time of trial subject to the following formula:

(a)    $100 for the initial violation per employee per pay period.

19

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1          (b)    $200 for each subsequent violation per employee per pay period.

2      72.    These penalties will be allocated 75% to the Labor Workforce

3  Development Agency ("LWDA") and 25% to the affected employees.

4      73.    Plaintiff sent a certified letter to the LWDA and defendants as prescribed

5  by the Code on June 11, 2008.  The LWDA responded in a letter dated July 14, 2008,

6  indicating it does not intend to investigate the allegations.  Therefore, Plaintiff may

7  proceed and amend the Complaint to include a claim for penalties pursuant to Labor

8  Code § 2699.

9  ## VI.

10  ## **PRAYER**

11  WHEREFORE, Plaintiff prays for judgment as follows:

12      1.    That the Court determine that this action may be maintained as a class

13  action;

14      2.    That Plaintiff be appointed the representative of each proposed Class, as

15  appropriate;

16      3.    That the attorneys of record for Plaintiff whose names appear on this

17  Complaint be appointed class counsel;

18      4.    For compensatory damages in an amount according to proof with interest

19  thereon;

20      5.    For economic and/or special damages in an amount according to proof

21  with interest thereon;

22      6.    That Defendants be found to have engaged in unfair competition in

23  violation of section 17200 *et seq.* of the California Business and Professions Code;

24      7.    That Defendants be ordered and enjoined to make restitution to each

25  Class due to their unfair competition, pursuant to California Business and Professions

26  Code §§ 17203 and 17204;

27      8.    That Defendants be enjoined from continuing the unlawful course of

28  conduct alleged herein;

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

9.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

10.    That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.    For premium pay, wages, and penalties pursuant to Labor Code § 203;

12.    For actual damages or penalties pursuant to Labor Code § 226;

13.    For compensation pursuant to Labor Code § 226.7;

14.    For penalties and other relief pursuant to Labor Code § 2699;

15.    For attorneys' fees, interest, and costs of suit; and

16.    For such other and further relief as the Court deems just and proper.


Dated:  August ___, 2008                    **JOSE GARAY, APLC,**
                                            **THE CARTER LAW FIRM, AND**
                                            **THE COOPER LAW FIRM, P.C.**


                                            By: _____
                                                Scott B. Cooper
                                            Attorneys for Plaintiff


/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 

21

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

3        Plaintiff hereby demands trial of her claims by jury to the extent authorized by

4  law.

5

6  Dated:  August ___, 2008            **JOSE GARAY, APLC,**

7                                      **THE CARTER LAW FIRM, AND**
                                       **THE COOPER LAW FIRM, P.C.**
8

9

10                                     By: _____

11                                          Scott B. Cooper
                                       Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL