ROGER CARTER, State Bar No. 140196
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:   949.260.4737
Facsimile:    949.260.4754

SCOTT B. COOPER, State Bar No. 174520
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:   949.724.9200
Facsimile:    949.724.9255

JOSE GARAY, State Bar No. 200494
JOSE GARAY, APLC
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone:   949.260.9193
Facsimile:    949.260.9194

Attorneys for Plaintiff BRITTANY KEENE, on behalf of herself and on behalf of all others similarly situated.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLDWATER CREEK, INC., a Delaware corporation and DOES 1 through 100, inclusive<br><br>Defendant. | CASE NO. 3:07-CV-05324 WHA<br><br>**DECLARATION OF ROGER R. CARTER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing:<br><br>Date:        September 18, 2008<br>Time:       8:00 a.m.<br>Courtroom: 9 |

I, Roger R. Carter, declare as follows:

1.   I am an attorney at law duly licensed to practice before all courts of the State of California and am an attorney with The Carter Law Firm, co-counsel for Plaintiff in this matter. I am providing this declaration in support of the Motion for Preliminary Approval of Class Settlement filed herewith.

2. This declaration is based upon personal knowledge gained from representation of Plaintiff, Brittany Keene, since the inception of this matter.

3. This case involves claims against Defendant Coldwater Creek, Inc. for failure to provide all required rest and meal periods and failure to pay for off-the-clock work, along with derivative claims for failure to provide accurate itemized wage statements, and failure to pay all compensation due at termination. Members of the proposed Class are current and former non-exempt employees who were employed by Defendant during the period of September 6, 2003, through the date of preliminary approval ("liability period").

4. The proposed class representative, Brittany Keene, is a former non-exempt employee who worked as a sales associate at one of Defendant's retail stores located in California during the liability period.

5. Since the inception of this litigation, the parties have conducted both formal and informal discovery directed to issues regarding the merits of the case, as well as the suitability of the Plaintiff's claims for class treatment, the adequacy of Plaintiff to represent the proposed Class, and other class certification issues. Defendant has produced, and Plaintiff's counsel has reviewed, voluminous data (punch card data and payroll records) and other relevant documentation. Plaintiff has participated in numerous meetings and teleconferences, sat for a deposition, and assisted Counsel for Plaintiff with the prosecution of this case. Counsel for Plaintiff has also investigated the Defendant's payment practices and Defendant's meal/rest period and punch-clock policies. The discovery process has been involved and thorough.

6. Specifically, Plaintiff's Counsel has reviewed documents relating to Defendant's policies and procedures, job descriptions and other corporate policies and procedures relevant to the issues herein. Coldwater Creek responded to Requests for Production of Documents and Special Interrogatories and produced documents, including time keeping "punch data" and payroll records for the Plaintiff. Pursuant to the Court's February 28, 2008 Order, Coldwater Creek also provided complete time records for a random sample of current and former employees, which encompassed over 500 pages of detailed punch data. Plaintiff's counsel performed numerous statistical analyses of this data to determine a meal period violation rate. Coldwater Creek also produced its documents

relating to its applicable policies and procedures. Plaintiff's Counsel took the deposition of Coldwater Creek pursuant to Federal Rules of Civil Procedure 30(b)(6) on a number of topics relating to the claims in the Complaint, and Coldwater Creek took the deposition of the Class Representative. Plaintiff and her counsel also interviewed putative class members of Coldwater Creek about the facts alleged in the Lawsuit. Counsel for the defense also had the opportunity to perform the same investigations, interviews and analysis. Finally, Defendant provided information regarding the size of the class, the average hourly rates for Class members, and the number of stores and dates they opened, which allowed Plaintiff's Counsel to calculate the approximate number of shifts worked by the Class members.

7. Following this exchange of information, counsel for the parties agreed to mediate this matter before Michael Dickstein, Esq., a mediator with extensive experience in wage and hour litigation, including class actions.

8. With the assistance of Mr. Dickstein, on June 6, 2008, the Parties began lengthy, serious, and informed arms-length negotiations over the course of a full day and into the evening. As a result of that process, the Parties reached a fair compromise and settlement of this case as described in the Stipulation of Class Action Settlement, which is now placed before this Court for preliminary approval.

9. The settlement reached in this case is a significant result for the Class Members. The recovery was negotiated for the employees in the face of serious questions that exist regarding meal and rest period and off-the-clock compensation claims, as well as class certification issues. These wage and hour issues are a developing area of case law with little applicable appellate precedent, guidance or reference materials other than that provided by the Division of Labor Standards Enforcement (DLSE), which is often challenged by employers. Both sides have strongly advocated their positions concerning the claims and defenses at issue, including the proper application of the law and the uncertainties posed by unsettled questions at-issue in this litigation, such as the proper weight to be accorded Defendant's policies and procedures for retail store operations, the accuracy of the facts unearthed by Plaintiff's and Defendant's counsel both before and after the filing of the litigation, and the state of the law regarding certification of these types of claims. Specifically, an

analysis of the time records indicates meal period violations occurred in a relatively small percentage the shifts, which would significantly lower the potential damages if this case were tried.

10. Plaintiff notified the California Labor & Workforce Development Agency ("LWDA") of her intent to allege PAGA claims in this case. The LWDA declined to investigate the claims but has asked that they be advised of the results of the litigation.

11. Only after extensive research, investigation and discovery did Plaintiff begin settlement negotiations with Defendant. Following the mediation, counsel for Plaintiff and counsel for Defendant participated in lengthy, serious, and informed negotiations regarding the proposed Stipulation of Class Action Settlement and related notice materials that are now placed before this Court for preliminary approval. Based on those negotiations and a detailed knowledge of the issues present in this action, counsel for Plaintiff is convinced that this settlement is in the best interest of the Class Members.

12. Specifically, counsel for Plaintiff balanced the terms of the proposed settlement, including both the settlement amount and the benefits conferred on Class, against the probable outcome of class certification and liability findings, and the range of recovery issues at trial. Counsel for Plaintiff also carefully considered the risks of trial and other normal perils of litigation, including the affirmative defenses asserted by defendants, difficulties of complex litigation, the lengthy process of establishing specific damages, and various possible delays and appeals, in agreeing to the proposed settlement.

13. As a result of the foregoing, Plaintiff's counsel believes that the settlement is fair, reasonable and adequate as to the members of the class, mindful of the risks of certification and trial and the multiplicity of potential defenses alleged by the Defendant. Class counsel – Roger Carter, Scott Cooper, and Jose Garay – have collectively practiced law for 40 years. They have cumulatively personally handled more than 30 class actions to conclusion, most of which were wage and hour cases similar to the present case. Based on this combined experience, counsel strongly believe that the settlement is fair and appropriate given all factors involved.

14. The settlement provides that Coldwater Creek will pay money to participating class members based on the number of shifts they worked during the liability period. In addition to the

4

1  payments to Class Members, the following payments may be made and/or will be requested for
2  approval by the Court from the Settlement Amount: (1) costs of administering the settlement,
3  currently estimated to be less than $50,000; (2) Class Counsel's attorneys' fees in an amount not to
4  exceed $285,000; (3) $7,500 as the class representative enhancement; (4) reasonable costs of
5  litigation, not to exceed $15,000, and (5) $30,000 in PAGA penalty payments.

6      15.   The proposed Notice, Claim Form, and Opt Out Form apprise the Class Members of
7  their rights under the settlement and provide adequate information as to the value of the overall
8  settlement, the number of qualifying shifts during the liability period they individually worked, the
9  amount of attorneys' fess and costs that will be requested, the amount of the enhancement that will
10 be requested for Keene, as well as their right to object or opt out of the settlement and/or to dispute
11 the number of qualifying shifts allocated to their share of the settlement.

12     16.   Specifically, in the Claim Form, Class Members will be provided information
13 regarding the number of shifts they worked during the liability period, and their payments will be
14 calculated from this data based on the formulas set forth in the Notice. Class Members will not be
15 required to estimate the number of meals periods they did not take, the number of ten-minute rest
16 periods that were not provided, or the amount of off-the-clock work they performed. Rather, they
17 will be paid for each shift employed by Defendant during the liability period pursuant to the
18 formulas stated in the Notice.

19     17.   Plaintiff's counsel will be requesting attorneys' fees in an amount not to exceed the
20 sum of $285,000. Plaintiff's counsel will file a separate application for attorney's fees, including
21 detailed support for the request, prior to the final fairness hearing.

22     18.   In addition, the Settlement provides that Plaintiff's counsel will move the court for an
23 award of a $7,500 incentive payment to the named class representative, Brittany Keene. Ms. Keene
24 served as a liaison between the Class members and Plaintiff's counsel. She further assisted
25 Plaintiff's Counsel with investigation of the class claims by, among other things, participating in
26 numerous meetings and telephone conferences to discuss Defendant's policies and practices and her
27 experiences as an employee. She also responded to formal discovery, which involved reviewing and
28 making edits to written discovery responses and locating and producing documents responsive to

Defendant's requests. In addition, she prepared for and sat through a full deposition, during which she was subjected to searching cross-examination.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of August, 2008, in Irvine, California.

_____
Roger R. Carter