REBECCA EISEN, State Bar No. 096129
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
STEVEN GARRETT, State Bar No. 220021
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
reisen@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com
steven.garrett@morganlewis.com

Attorneys for Defendant
COLDWATER CREEK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLDWATER CREEK, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:07-cv-05324<br><br>**DEFENDANT COLDWATER CREEK, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Cold Water Creek, Inc. ("Coldwater Creek"), by and through its counsel, hereby answers the allegations against Coldwater Creek contained in Plaintiff Brittany Keene's First Amended Complaint (hereinafter "FAC"), for itself and no other Defendant, in accordance with the numbered Paragraphs thereof, as follows:

**INTRODUCTION**

1.  Coldwater Creek contends that the allegations contained in paragraph 1 of the FAC regarding the California Code of Civil Procedure and definitional phrases constitute

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/20817700.1

1

COLDWATER CREEK, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT

conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 1 of the FAC except that Coldwater Creek admits that it is a Delaware Corporation.

2. Coldwater Creek denies the allegations contained in paragraph 2 of the FAC.

3. Coldwater Creek contends that the allegations contained in paragraph 3 of the FAC regarding the California Labor Code and California Code of Regulations constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 3 of the FAC.

4. Coldwater Creek contends that the allegations contained in paragraph 4 of the FAC regarding the California Business and Professions Code constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 4 of the FAC.

**PARTIES**

5. Coldwater Creek admits that Brittany Keene was employed as a non-exempt hourly employee from approximately September 2003 through approximately May 2005 at a Coldwater Creek store located in Mission Viejo, California. Coldwater Creek denies that Plaintiff was employed by "Defendants".

6. Coldwater Creek admits the allegations contained in paragraph 6 of the FAC, except that it denies that it owns and operates stores and spas "throughout the United States".

7. Coldwater Creek is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the FAC. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 7 of the FAC.

8. Coldwater Creek contends that the allegations contained in paragraph 8 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 8 of the FAC.

9. Coldwater Creek contends that the allegations contained in paragraph 9 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 9 of the FAC except that Coldwater Creek admits that it does business and employees non-exempt employees within the State of California and the County of Alameda.

**FACTUAL BACKGROUND**

10. Coldwater Creek contends that the allegations contained in paragraph 10 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 10 of the FAC, except that Coldwater Creek admits it hires non-exempt hourly employees in the State of California.

11. Coldwater Creek denies the allegations contained in paragraph 11 of the FAC.

12. Coldwater Creek denies the allegations contained in paragraph 12 of the FAC.

13. Coldwater Creek denies the allegations contained in paragraph 13 of the FAC.

14. Coldwater Creek denies the allegations contained in paragraph 14 of the FAC.

15. Coldwater Creek denies the allegations contained in paragraph 15 of the FAC.

16. Coldwater Creek denies the allegations contained in paragraph 16 of the FAC.

17. Coldwater Creek denies the allegations contained in paragraph 17 of the FAC.

18. Coldwater Creek contends that the allegations contained in paragraph 18 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 18 of the FAC, except that Coldwater Creek admits Plaintiff was paid on an hourly basis.

19. Coldwater Creek denies the allegations contained in paragraph 19 of the FAC.

20. Coldwater Creek denies the allegations contained in paragraph 20 of the FAC.

21. Coldwater Creek denies the allegations contained in paragraph 21 of the FAC.

**CLASS ALLEGATIONS**

1   22.   Coldwater Creek contends that the allegations contained in paragraph 22 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 22 of the FAC.

23.   Coldwater Creek contends that the allegations contained in paragraph 23 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 23 of the FAC.

24.   Coldwater Creek denies the allegations contained in paragraph 24 of the FAC.

25.   Coldwater Creek admits that it employs at least several hundred employees in California in non-exempt positions. Coldwater Creek denies the remaining allegations contained in paragraph 25 of the FAC.

26.   Coldwater Creek contends that the allegations contained in paragraph 26 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 26 of the FAC.

27.   Coldwater Creek contends that the allegations contained in paragraph 27 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 27 of the FAC.

28.   Coldwater Creek contends that the allegations contained in paragraph 28 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 28 of the FAC.

29.   Coldwater Creek contends that the allegations contained in paragraph 29 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 29 of the FAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20817700.1

4

COLDWATER CREEK, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT

30. Coldwater Creek contends that the allegations contained in paragraph 30 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 30 of the FAC.

31. Coldwater Creek contends that the allegations contained in paragraph 31 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 31 of the FAC.

**FIRST CAUSE OF ACTION**

32. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 31, as if said responses were fully set forth herein.

33. Coldwater Creek denies the allegations contained in paragraph 33 of the FAC.

34. Coldwater Creek denies the allegations contained in paragraph 34 of the FAC.

35. Coldwater Creek denies the allegations contained in paragraph 35 of the FAC.

36. Coldwater Creek denies the allegations contained in paragraph 36 of the FAC.

37. Coldwater Creek denies the allegations contained in paragraph 37 of the FAC.

38. Coldwater Creek contends that the allegations contained in paragraph 38 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 38 of the FAC.

**SECOND CAUSE OF ACTION**

39. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 38, as if said responses were fully set forth herein.

40. Coldwater Creek denies the allegations contained in paragraph 40 of the FAC.

41. Coldwater Creek denies the allegations contained in paragraph 41 of the FAC.

42. Coldwater Creek denies the allegations contained in paragraph 42 of the FAC.

43. Coldwater Creek denies the allegations contained in paragraph 43 of the FAC.

44. Coldwater Creek denies the allegations contained in paragraph 44 of the FAC.

**THIRD CAUSE OF ACTION**

45. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 44, as if said responses were fully set forth herein.

46. Coldwater Creek denies the allegations contained in paragraph 46 of the FAC.

47. Coldwater Creek denies the allegations contained in paragraph 47 of the FAC.

48. Coldwater Creek contends that the allegations contained in paragraph 48 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 48 of the FAC.

**FOURTH CAUSE OF ACTION**

49. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 48, as if said responses were fully set forth herein.

50. Coldwater Creek contends that the allegations contained in paragraph 50 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 50 of the FAC.

51. Coldwater Creek denies the allegations contained in paragraph 51 of the FAC.

52. Coldwater Creek denies the allegations contained in paragraph 52 of the FAC.

53. Coldwater Creek denies the allegations contained in paragraph 53 of the FAC.

54. Coldwater Creek contends that the allegations contained in paragraph 54 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 54 of the FAC

**FIFTH CAUSE OF ACTION**

55. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 54, as if said responses were fully set forth herein.

56. Coldwater Creek contends that the allegations contained in paragraph 56 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20817700.1

6

COLDWATER CREEK, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT

therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 56 of the FAC.

57. Coldwater Creek contends that the allegations contained in paragraph 57 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 57 of the FAC.

58. Coldwater Creek contends that the allegations contained in paragraph 58 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 58 of the FAC.

59. Coldwater Creek contends that the allegations contained in paragraph 59 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 59 of the FAC.

**SIXTH CAUSE OF ACTION**

60. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 59, as if said responses were fully set forth herein.

61. Coldwater Creek denies the allegations contained in paragraph 61 of the FAC.

62. Coldwater Creek denies the allegations contained in paragraph 62 of the FAC.

63. Coldwater Creek denies the allegations contained in paragraph 63 of the FAC.

64. Coldwater Creek denies the allegations contained in paragraph 64 of the FAC.

65. Coldwater Creek denies the allegations contained in paragraph 65 of the FAC.

66. Coldwater Creek denies the allegations contained in paragraph 66 of the FAC.

67. Coldwater Creek contends that the allegations contained in paragraph 67 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 67 of the FAC.

68. Coldwater Creek contends that the allegations contained in paragraph 68 of the

FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 68 of the FAC.

### SEVENTH CAUSE OF ACTION

69. Coldwater Creek incorporates and realleges its responses to the allegations contained in paragraphs 1 through 68, as if said responses were fully set forth herein.

70. Coldwater Creek contends that the allegations contained in paragraph 70 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 70 of the FAC.

71. Coldwater Creek contends that the allegations contained in paragraph 71 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 71 of the FAC.

72. Coldwater Creek contends that the allegations contained in paragraph 64 of the FAC constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary. To the extent a response is required, Coldwater Creek denies the allegations contained in paragraph 72 of the FAC.

73. Coldwater Creek admits that Plaintiff sent a certified letter to the LWDA and Coldwater Creek and its counsel on or around June 11, 2008 and that the LWDA responded in a letter dated on or about July 14, 2008 indicating that it did not intend to investigate the allegations. As to the remaining allegations in paragraph 73 of the FAC, Coldwater Crekk contends that they constitute conclusions of law and/or legal arguments and that no admission or denial is therefore necessary, but that to the extent a response is required, Coldwater Creek denies the remaining allegations contained in paragraph 73 of the FAC.

### PRAYER FOR RELIEF

Coldwater Creek denies that Plaintiff is entitled to any of the relief sought in each and every paragraph of the Prayer for Relief, or to any relief whatsoever, on behalf of herself or on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20817700.1                                    8                    COLDWATER CREEK, INC.'S ANSWER TO
                                                                       FIRST AMENDED COMPLAINT

the behalf of the alleged putative class she purports to represent, the existence of which is expressly denied.

## DEFENSES

Coldwater Creek asserts the following defenses to the allegations set forth in the FAC in this action.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The FAC and each alleged cause of action fails to state a claim upon which relief can be granted against Coldwater Creek.

### SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitations)

The claims of Plaintiff and some or all purported class members are barred or limited by the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure sections 338, and 340(a), and California Business & Professions Code section 17208, and Labor Code Section 6651 and Labor Code Sections 2699 and 2699.3.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Internal and Administrative Remedies)

The claims of Plaintiff and of each putative class member she purports to represent are barred to the extent that they failed to exhaust their internal and/or administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

The claims of Plaintiff and the class she purports to represent are barred in whole or in part because Plaintiff fails to satisfy the prerequisites for class certification and lacks standing and cannot represent the interests of the putative class members as to each of the purported causes of action.

### FIFTH AFFIRMATIVE DEFENSE

(Individual Questions Predominate)

As a separate affirmative defense to the Complaint and to every cause of action alleged

therein, the types of claims alleged by the named Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

### SIXTH AFFIRMATIVE DEFENSE

(Lack of Numerosity)

As a separate affirmative defense to the Complaint and to every cause of action alleged therein, the alleged class Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity and accordingly is not appropriate for class treatment.

### SEVENTH AFFIRMATIVE DEFENSE

(Lack of Typicality)

As a separate affirmative defense to the Complaint and to every cause of action alleged therein, the claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged putative class Plaintiff purports to represent, the existence of which is expressly denied.

### EIGHTH AFFIRMATIVE DEFENSE

(Inadequate Representative)

The FAC fails, to the extent it asserts a class action, because Plaintiff is not an adequate representative of the purported class.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiff's monetary claims, and the claims of the putative members of the purported class, are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

### TENTH AFFIRMATIVE DEFENSE

(Due Process/Unfair Business Practices)

Prosecution of a representative action and certification of the alleged class as representative of the general public under California Business and Professions Code section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial

of Coldwater Creek's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

(Not Appropriate for Treatment as Representative Action)

As a separate affirmative defense to the Complaint, a representative action under California Business and Professions Code Section 17200 et seq., as amended, is not maintainable because Plaintiff has not suffered an actual injury, has not lost money or property, and cannot meet the requirements for class certification under Rule 23.

### TWELFTH AFFIRMATIVE DEFENSE

(Laches)

The claims of Plaintiff and some or all purported class members, including claims for damages, are barred in whole or in part by the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

The claims of Plaintiff and some or all purported class members are barred in whole or in part by their own conduct, actions, and/or inactions, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

Plaintiff's causes of action and those of the purported class brought in equity and/or pursuant to California Business and Professions Code Section 17200 et seq, are barred, in whole or in part, because Plaintiff and the purported class have an adequate remedy at law, and because any alleged harm suffered is not irreparable, and because former employee(s) have no standing to seek injunctive relief against Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Waiver of Claims)

The claims of Plaintiff and some or all purported class members are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The claims of Plaintiff and some or all purported class members are barred in whole or in part by the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

To the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, terminated or otherwise subject to any adverse employment action, such after-acquired evidence shall bar Plaintiff's claims of liability or damages or shall reduce such claims as provided by law..

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Entitlement to Exemption)

As a separate affirmative defense to the Complaint and to every cause of action alleged therein, at all times mentioned in the Complaint, Plaintiff, and/or certain members of the putative class she purports to represent, qualified as exempt employees under Labor Code §515 and the applicable IWC Wage Orders and were exempt from the statutes/regulations and IWC Wage Orders alleged to have been violated in the Complaint.

### NINTEENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

The claims of Plaintiff and some of the putative class members are barred, or damages limited, by the doctrine of avoidable consequences because Plaintiff and others could have avoided the alleged damages by reasonable effort, but failed to do so.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Pay Not Willful)

Defendant contends that if Defendant failed to pay Plaintiff any amounts due,

which allegations defendant denies, such failure to pay was not willful within the meaning of Section 203 of the California Labor Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Waiting Time Penalties)

The Complaint fails to state a claim for waiting time penalties under Labor Code Section 203, in that a portion of the members of the alleged putative class did not resign and/or were not discharged prior to the filing of this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

Plaintiff (on her own behalf and/or on behalf of any putative member of the class defined in the Complaint) is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Release)

The claims of Plaintiff and/or certain members of the putative class she purports to represent are barred in whole or in part by the doctrine of release.

### RESERVATION OF RIGHTS

Coldwater Creek reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Coldwater Creek prays for judgment that:

1. Plaintiff takes nothing by reason of the FAC, and that the FAC be dismissed with prejudice;

2. Judgment be entered in favor of Coldwater Creek and against Plaintiff on all causes of action;

3. Coldwater Creek be awarded its costs of suit incurred herein;

4. Coldwater Creek be awarded attorneys' fees incurred by this action; and

5. The Court award Coldwater Creek such other and further relief as it deems just and proper.

Dated: August 28, 2008

MORGAN, LEWIS & BOCKIUS LLP

By     /S/
    Eric Meckley
    Attorneys for Defendant
    Coldwater Creek, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20817700.1

14

COLDWATER CREEK, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT