IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY KEENE, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>COLDWATER CREEK, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>                                        / | No. C 07-05234 WHA<br><br>**ORDER DENYING PRELIMINARY APPROVAL** |

     On August 14, 2008, plaintiff filed a motion for preliminary approval of class action settlement (Dkt. No. 41). A hearing on the motion was held on September 18, 2008, at which the Court expressed certain concerns with the proposed settlement. The parties met and conferred thereafter, and on September 26, 2008, filed a joint memorandum responding to the Court's concerns (Dkt. No. 49). In their memorandum the parties proposed certain revised settlement and notice terms and stated that, if the Court indicated a willingness to approve settlement with those revised terms, the parties would file an amended settlement and supporting documents.

     The Court declines to approve the proposed settlement on the terms set forth in the September 26 memorandum. Although the proposed revisions to the settlement address several of the Court's concerns and have improved the agreement, the Court continues to have concern with the adequacy of notice to absent class members. Specifically, the parties have declined to

include a provision which would deem opted out of the class those potential class members for whom the mailed notice is returned as undeliverable or, for class members who are currently employed by defendant, for whom defendant does not secure a signed acknowledgment of receipt of the notice. The Court finds that, under Rule 23(e), the proposed form of notice is unreasonable under the circumstances. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024–26 (9th Cir. 1998) (emphasizing the importance of adequate notice). The Court finds that the proposed settlement does not include adequate means to assure that those class members who do not receive the settlement notice are not bound thereby and, as a result, have their rights released by the settlement without any knowledge thereof. It would be an easy matter to exclude those whose notices are returned or unacknowledged and, if necessary, to adjustment the price of the settlement accordingly. Preliminary approval is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 3, 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE